## SIERRA NEVADA MILL CO. v. KEITH-O'BRIEN CO.

### No. 2873.   Decided March 29, 1916.   (156 Pac. 943.)

1. APPEAL AND ERROR—NOTICE OF APPEAL—SUFFICIENCY—DESCRIP-
   TION OF JUDGMENT. In an action to recover the balance due on
   a construction contract, alleging full performance, the making
   of alterations, the furnishing of additional material and the
   balance due, where defendant, admitting the contract, denied
   performance and that any balance was due, and, by way of
   counterclaim, pleaded plaintiff's delay in performance, whereby
   the sum of one hundred dollars a day, became due to defendant
   under the contract as liquidated damages, leaving a balance
   due from plaintiff to defendant, where the court found a delay
   of ninety-four days in the performance and awarded defendant
   stipulated damages of $9,400, and rendered judgment for plain-
   tiff for the balance due, plaintiff's notice of its appeal from
   the specific part of the final judgment entered therein wherein
   the court on the counterclaim entered judgment in favor of
   the defendant and against the plaintiff and deducted the same
   from the balance found due to plaintiff was insufficient, as the
   only judgment entered was not one of parts but was an entirety,
   and as the notice did not describe or identify the judgment
   rendered or entered in the cause; nor, because there was but
   one judgment, could the notice be regarded as directed to that
   judgment. (Page 17.)

2. APPEAL AND ERROR—RIGHT OF APPEAL—WAIVER—SATISFACTION OF
   JUDGMENT—SEPARATE OR ENTIRE JUDGMENT. In such case, where
   it appeared that the entire judgment rendered and entered had
   been paid and fully satisfied and discharged, the plaintiff was
   estopped from further prosecution of an appeal therefrom; and
   the appeal was not within the exception as to a judgment con-
   sisting of two separate unrelated parts, the disposition of either
   of which can in no wise affect the disposition of the other,
   since the judgment as rendered did not consist of separate or
   unrelated parts, but was an entire judgment for a specified sum
   upon the whole of the issues made by the complaint and coun-
   terclaim; nor within the exception arising when the amount
   found in favor of a litigant by a judgment is due him in any
   event so that the only question in the appellate tribunal is
   whether he is entitled to a greater or an additional sum, since
   the whole of the plaintiff's claim was put in issue and the
   amount of recovery depended upon the amount allowed under
   the counterclaim. (Page 18.)

3. ESTOPPEL—AMOUNT OF JUDGMENT. In an action to recover the balance due on a construction contract, where the court allowed defendant's counterclaim and entered an entire judgment for plaintiff for the balance found to be due, the defendant's brief in the court below in defense and in support of the judgment did not preclude it from making cross-assignments of error on appeal challenging the finding that a certain sum was the balance due to plaintiff on the contract or otherwise making cross-assignments in defense and in support of the judgment. (Page 20.)

4. APPEAL AND ERROR—CROSS-ASSIGNMENTS—NECESSITY OF CROSS-APPEAL. The prosecution of a cross-appeal is not essential to the making of cross-assignments in defense and in support of, and merely to hold the judgment appealed from. (Page 21.)

5. APPEAL AND ERROR—LAW OF CASE—JUDGMENT—RECORD. In an action to recover the balance due on a construction contract, where the trial court allowed the defendant's counterclaim and rendered an entire judgment for plaintiff for the balance due, the entirety of the judgment could not be disturbed by searching the pleadings or findings, or even the evidence, to ascertain how the judgment was reached and what there was to support it, as the court is not authorized in a law case to try the issues on the record and make or direct findings or treat as found that which ought to have been found. (Page 21.)

6. ESTOPPEL—AMOUNT OF RECOVERY. In such case, and upon a finding of error and the granting of a new trial to defendant, the admission by defendant's counsel in argument that on the trial there was no evidence, independently of that relating to the counterclaim, to dispute plaintiff's evidence as to the amount of its claim, would not estop it from controverting the whole or a part of plaintiff's claim. (Page 21.)

Appeal from District Court, Third District; *Hon. Geo. G. Armstrong,* Judge.

Action by the Sierra Nevada Mill Company against the Keith-O'Brien Company, with counterclaim by defendant.

Judgment for plaintiff, deducting the amount of the counterclaim. Plaintiff appeals.

APPEAL DISMISSED.

*Stephens & Smith* for appellant.

*Dickson, Ellis, Ellis & Schulder* for respondent.

STRAUP, C. J.

The plaintiff brought this action to recover an alleged balance due on a contract. It and the defendant entered into a written contract by the terms of which the plaintiff, for the sum of $37,055, agreed to construct and install for the defendant, on or before the 28th of August, 1912, certain store fixtures; and upon its failure to do so within that time, to pay the defendant $100 a day as liquidated damages for each day thereafter until the completion of the work. It alleged full performance of the contract on its part, and that it, at the defendant's directions, had also made alterations of the reasonable value of $1,118.75; that the defendant had paid it in all the sum of $25,000, leaving a balance due on the contract of $13,173.

In a second count it alleged that in and about the work, other material was furnished and labor performed of the value of $244.55, of which a balance of $45.40 remained unpaid.

The defendant admitting the contract denied performance on plaintiff's part, in effect pleaded payment and denied that anything was due the plaintiff, and by way of counterclaim pleaded that the plaintiff had failed and neglected to complete the work prior to January 1, 1913, by reason of which there was due the defendant, under the contract as liquidated damages, the sum of one hundred dollars a day for each day of such delay, or a total of $12,500, which together with the $25,000 payments, left the plaintiff indebted to the defendant in the sum of $455, for which it prayed judgment.

The cause was tried to the court, who found that the plaintiff, through its fault and delay, had not completed the work until 94 days after the time specified in the contract, which resulted to the defendant's damage in the sum of $50,000, but only awarded it the stipulated damages of one hundred dollars a day, or $9,400; and after deducting that amount and the $25,000 payments from the contract price of $37,055, found that there was still due the plaintiff on the contract the sum of $2,655. The court also found that there was due the plaintiff $704.35 for alterations, and $45.40 on its second cause of action. The conclusions of law are stated thus:

"That the plaintiff is entitled to judgment against the de-

fendant upon the first cause of action for the sum of $2,655, being the balance of said contract price after deducting the sum of $9,400 damages sustained by said defendant by reason of the failure on the part of the plaintiff in completely installing said fixtures,'' for the period of ninety-four days, and that ''said sum of $9,400 being allowed as a set-off against the unpaid balance of said contract price, together with interest on said sum of $2,655 from December 2, 1912, and said plaintiff is entitled to judgment for the further sum of $704.25 and interest from December 15, 1912'' for alterations, and for $45.40, with interest, from May 1, 1913, on the second cause of action.

The judgment rendered and entered March 1, 1915, omitting formal recitals, reads:

''And the court having heretofore made and filed its findings of fact, conclusions of law and decision in writing, and being fully advised in the premises, it is now ordered, considered, adjudged and decreed that the plaintiff do have and recover judgment against the defendant in the sum of $3,-404.65, together with interest on the sum of $2,655.00 from December 2, 1912, or $414.95; on the sum of $704.25 from December 15, 1912, or $123.86; and on the sum of $45.40 from the 1st day of May, 1913, or $6.60, all totaling $4,010.06, together with its cost of suit taxed at the sum of ———— dollars.''

In July, 1915, the plaintiff took an appeal by serving and filing written notice of appeal, which reads thus:

''Take notice that the plaintiff above named hereby appeals to the Supreme Court of the State of Utah from that specific part of the final judgment made and entered herein on the 1st day of March, 1915, wherein the court, upon the defendant's counterclaim, entered judgment in favor of the defendant and against the plaintiff for the sum of $9,400.00 and deducted the same from and set the same off from the balance of the amount found due to the plaintiff upon its complaint, and from each and every part thereof.''

On October 15, 1915, the defendant served and filed a written notice to dismiss the appeal on the grounds: (1) That an appeal lies only from a final judgment, and that the

notice of appeal does not describe nor identify the final judgment which in fact was rendered or entered; and that no such judgment as is described in the notice was rendered or entered in the cause; (2) that the judgment which was rendered and entered, including costs and interest, was, on the 3d of September, 1915, "fully paid by this defendant and was satisfied and discharged by this plaintiff," the appellant.

The second proposition is supported by affidavit, vouchers, and a certified copy of transcript of the judgment. The affidavit recites that on the 3d of September, 1915, the full amount of the judgment, including costs and interest amounting to $4,216.63, was paid by the defendant to the plaintiff. The voucher signed by the plaintiff recites that the $4,216.63 was paid and received:

"In full payment, satisfaction and discharge of judgment rendered in case of Sierra Nevada Mill Company v. Keith O'Brien Company, entered March 1, 1915."

The transcript of the judgment recites:

"September 3, 1915. The judgment herein is fully satisfied and discharged," signed by plaintiff's counsel as "Attorney for Judgment Creditor."

These matters are not disputed. But in opposition to the motion to dismiss the appeal the plaintiff, by affidavit, has shown excerpts from a written brief and argument of defendant's counsel in the court below. In such respect it is averred that defendant's counsel in such brief and argument stated:

"There is no dispute in the evidence that the balance due on the contract, and which the defendant withheld by virtue of the terms of the contract and on account of the liquidated damage clause of $100 per day contained therein, amounted to the sum of $12,055. * * * There is no dispute in the evidence that there has been ninety-four days delay in the completion of this contract which was caused solely by the plaintiff. The defendant, therefore, would be entitled to set off the claim made by the plaintiff to the extent of such delay which would amount, according to the terms of the contract, to the sum of $9,400. * * * Defendant was losing a great deal more than one hundred dollars per day by not occupy-

ing the store, and when it moved in on December 2d, although it was inconvenienced, as the evidence shows, to a very great extent by the plaintiff having to complete its contract, and which contract was not completed until many weeks thereafter,'' yet, because of the defendant's moving into the building, and because its manager had written the plaintiff that the defendant had been damaged in the sum of $9,400 as provided by the terms of the agreement, ''we do not think it [defendant] can claim the liquidated damages after that time. * * * According to the terms of the contract therefore, there would be a balance still due the plaintiff amounting to the sum of $2,655. * * * We submit that the plaintiff is only entitled to a judgment in this case for the balance due on the contract after deducting the sum of $9,400, which amounts to the sum of $2,655.''

·The notice of appeal describes a judgment of parts and indicates an appeal from that ''specific part of the final judgment'' whereby the court, ''upon the defendant's counterclaim, entered a judgment in favor of the defendant and against the plaintiff in the sum of $9,400.'' But no such judgment was rendered or entered. The only judgment which was rendered or entered in the cause was not one of parts, but one of an entirety; not one ''in favor of the defendant and against the plaintiff in the sum of $9,400'' on the defendant's counterclaim, but one in the sum of $4,010.06 in favor of the plaintiff and against the defendant on all of the issues presented by both the complaint and the counterclaim. The description in the notice of appeal, therefore, does not describe or identify the judgment rendered or entered in the cause. True, when we look at the pleadings to ascertain the issues, and at the findings to see how they were determined, it may readily enough be seen that the court reached the conclusion that the plaintiff was entitled to a judgment against the defendant in the sum of $4,010.06 by allowing plaintiff's claim substantially as set forth in the complaint and deducting therefrom $9,400 awarded the defendant on the counterclaim. But the notice of appeal should itself so sufficiently describe and identify the judgment appealed from as to show what was intended

without resorting to the pleadings or the findings. Nor, since there is but one judgment, can it be said that the notice of appeal should be regarded as directed to that judgment? That would but lead to a holding that, when there is but one judgment, no description of it in the notice of appeal is required, or that any misfit description is good. That is not what the authorities teach. They are to the effect that the notice of appeal must sufficiently describe the judgment or order appealed from so as to leave no doubt as to its identity. 2 Cyc. 866; Hayne, New Trial and Appeal (2d Ed.) 1100. Whatever the plaintiff may have intended by the description in its notice of appeal, certain it is that it does not describe or identify any judgment rendered or entered in the cause. The variance between the judgment described in the notice, and the judgment itself as rendered and entered, is so great as to cause hunting in and leafing of the record for another judgment.

Though this point should be ruled with the plaintiff, yet must the appeal be dismissed because of the other ground. It is indisputably shown that not a part, but the whole, of the judgment as rendered and entered—the only judgment which was rendered and entered in the cause—was fully paid by the defendant to the plaintiff, who voluntarily accepted such payment and voluntarily, on the record, satisfied and discharged not a part, but the whole, of the judgment. We think that estops the plaintiff from a further prosecution of an appeal from the judgment so rendered and entered, the only judgment from which an appeal could be prosecuted. The appellant recognizes the well-established and familiar rule that an appeal of a party from a judgment, the provisions of which he has voluntarily accepted and satisfied and discharged, cannot be maintained. It, however, urges that its appeal is within one or both of the following also well-recognized exceptions to the general rule: (1) Where the judgment or decree consists of two separate, distinct, and unrelated parts, and the disposition of either of which can in no wise affect the disposition of the other; (2) when the amount found in favor of a litigant by a judgment or decree is due him in any event—

when there is no controversy over his right to receive and retain it—so that the only question to be determined by the appellate tribunal is whether he is, or is not, entitled to a greater or an additional sum. The case does not come within the first exception, for the judgment, as rendered and entered, does not consist of separate, or distinct, or unrelated parts, but is an entirety, a judgment for a specified sum of $4,010.06. That is manifest from a mere inspection of the judgment itself. And when we look elsewhere, it is just as manifest that the judgment was rendered, not alone on the counterclaim, but on the whole of the issues presented by the complaint and the counterclaim.

Now, as to the other exception. That there was no controversy as to the issue presented by the complaint, and that plaintiff's evidence in support thereof was not controverted by evidence, and hence, that plaintiff's claim was reduced by offsetting the allowance awarded on the counterclaim, is sought to be shown by the affidavit heretofore referred to, setting forth the excerpts of counsel's brief submitted to the trial court. That plaintiff's claim was found substantially as alleged by it, except that the court found that the alterations were of the value of only $704, and not $1,118, as alleged, and that plaintiff's claim was reduced by offsetting $9,400 awarded on the counterclaim, is clearly enough shown by the record, the pleadings, the findings, and the conclusions. That there was no controversy over plaintiff's claim is, however, not shown by the record, or by anything of record. To the contrary, the record shows that the whole of plaintiff's claim was put in issue. That is shown by the pleadings. So far as the record itself speaks, there was such a controversy. The evidence respecting it is not before us. The complete transcript has not yet been sent up, but is held awaiting the determination of this motion. We thus, upon the record, are not advised whether plaintiff's claim was, or was not, controverted by evidence, or whether the evidence respecting it was, or was not, in conflict. As to that the affidavit is pointed to, that defendant's counsel, in their brief and in argument in the court below, stated that:

"There is no dispute in the evidence that the balance due

on the contract, and which the defendant withheld * * *
amounted to the sum of $12,055, and that there is no dispute
in the evidence'' that the defendant, because of plaintiff's de-
lay, was, according to the terms of the contract, entitled to
offset the sum of $9,400 from ''the claim made by plaintiff.''

Passing the question of whether issues, controversies, and
proceedings with respect to them may thus be shown by affi-
davit without doing violence to the familiar rule that what
ought to be of record must be proved by the record, and by
the right record, yet, there is not anything, either of record
or dehors the record, which shows that the court in deter-
mining the issues, did so upon any admission and not upon
the evidence adduced, or that the plaintiff, at all events, was
entitled to recover the amount of money accepted by it, or
precludes or estops the defendant, on further litigation, from
disputing or controverting plaintiff's claim. Its claim, and
the amount thereof, is based on the contract. So is the de-
fendant's. The contract is the foundation of both. The al-
leged rights, the breaches, and the delicts of both parties
are based upon and grow out of, and must be measured by, the
contract. The defendant's claim is not one separate and
distinct from, but is related to, and connected with, plain-
tiff's. The amount of recovery on the one is dependent
on the amount of recovery on the other. They are thus
inter-dependent, one upon the other.

Certain it is that the defendant on this appeal, notwith-
standing its brief in the court below, in defense and in sup-
port of the judgment, is not precluded from making cross-
assignments of error challenging the finding that $12,055 was
the balance due plaintiff on the contract, or otherwise
to make cross-assignments in defense of and in support      3
the judgment. Its brief filed in the court below would
not so estop or preclude it. That would be carrying the doc-
trine of estoppel quite beyond the adjudged cases. True, it
may be that such assignments would not be sustained by the
record; still the defendant would not be precluded from pre-
senting such matters for consideration and review.

But it is said the defendant has prosecuted no cross-
appeal. That is not essential to the making of cross-assign-

ments in defense and in support of, and merely to hold, the judgment appealed from. What is attacked by the party appealing may, as to him, be defended and held by cross-assignments without a cross-appeal.

Then this is a law case. The judgment, as has been seen, is not one of separate and distinct parts, but is an entirety awarding the plaintiff a specified sum of money. Its feature of entirety cannot be disturbed by searching the pleadings, or the findings, or even the evidence, were that also before us, to ascertain how the judgment was reached and what there is to support it. Notwithstanding plaintiff's misfit description of the judgment in its notice of appeal, still its appeal, to be regarded a good appeal, must be regarded an appeal from such judgment of entirety. There is no other. If, on a review of the proceedings resulting in the judgment, error should be found to plaintiff's prejudice, still we would not be authorized to enhance the judgment; we could only reverse it and grant a new trial. This is so because we are not authorized, in a law case, to try the issues on the record and make, or direct, findings, or treat as found that which ought to have been found.

And should error be found and a new trial granted, the defendant, on a retrial, would not be precluded or estopped from controverting or disputing plaintiff's claim in whole or in part. Surely its admission made by its counsel, in argument to the court, that on this trial there was no evidence, independently of that relating to the counterclaim, to dispute plaintiff's evidence as to the amount of its claim, would not estop or preclude it on a retrial from controverting by evidence the whole or a part of plaintiff's claim; nor on this appeal from disputing on the record a part of plaintiff's claim, or, on cross-assignments, from enhancing the counterclaim, at least to uphold and maintain the judgment which was rendered and entered.

Thus it is not made to appear that the plaintiff was so absolutely and unquestionably entitled to the benefits and advantages awarded by the judgment that its right to accept and keep them cannot possibly be affected by the appeal, or that it, in all events, is entitled to the amount awarded by

the judgment, or that all that possibly could be litigated on the appeal, or on a retrial, would be to ascertain whether the plaintiff was, or was not, entitled to a greater or additional sum. We think the case within the general rule that a litigant is not permitted to accept the fruits of a judgment and still prosecute an appeal from it. Here the plaintiff voluntarily took advantage, not only of a part of a judgment in its favor, but of the whole of it, and accepted payment in full thereof and satisfied and discharged the whole of the judgment. All of the issues and matters and things presented, both by the complaint and counterclaim were merged in, and were determined by the judgment. There is no doubt of that. And when the plaintiff voluntarily accepted full payment of the judgment, not of a part, but of the whole of it, and satisfied and discharged it, not in part, but the whole thereof it likewise satisfied and discharged everything that was merged in, and that was determined and adjudicated by the judgment. The views herein expressed and the conclusions reached are supported by the numerous cases noted and cited in *McKain* v. *Mullen,* 65 W. Va. 558, 64 S. E. 829, 29 L. R. A. (N. S.) 1.

The appeal, therefore, must be dismissed, with costs. Such is the order.

FRICK and McCARTY, JJ., concur.