OTTENHEIMER et al v. MOUNTAIN STATES SUPPLY CO.

No. 3419.   Decided March 30, 1920.   Rehearing denied April 24, 1920.   (188 Pac. 1117.)

1.  APPEAL AND ERROR—RESPONDENTS NOT ENTITLED TO ASSERT APPEAL WAS NOT TAKEN IN TIME.  In an action in which the first count sought recovery of real property and the second count asked that plaintiff's title to an adjoining strip be quieted, where the case was tried and submitted and determined as an action in equity, plaintiffs could not assert that it was other than one in equity, as the basis for a motion to dismiss the appeal, because not taken in time, though the relief prayed for in the first cause of action could have been recovered in an action of forcible detainer.

2.  APPEAL AND ERROR—ACCEPTANCE OF BENEFITS OR ACQUIESCENCE IN JUDGMENT DEFEATS APPEAL.  A party to an action accepting

the benefit of a judgment in his favor or acquiescing in a judgment against him thereby waives his right to have the judgment reviewed on appeal.

3.  APPEAL AND ERROR—SURRENDER OF POSSESSION OF PROPERTY IN DISPUTE HELD TO PREVENT REVIEW.  In an action to recover possession of land and quiet title and to recover the reasonable rental value, defended on the ground that defendant had a lease at a rental less than the alleged reasonable rental and having some time to run, defendant's surrender of the premises after an adverse judgment prevented an appeal by it, as it thereby abandoned its contention that it had a lease and escaped liability for the rent for the rest of the claimed term.

Appeal from District Court, Third District, Salt Lake County; *P. C. Evans,* Judge.

Action by Albert Ottenheimer and others against the Mountain States Supply Company.

From a judgment for plaintiffs, defendant appeals. On motion to dismiss appeal.

APPEAL DISMISSED.

*C. E. Norton,* of Salt Lake City, for appellant.

*F. C. Loofbourow* and *Dey, Hoppaugh & Mark,* all of Salt Lake City, for respondents.

FRICK, J.

Two causes of action are stated in the complaint. In the first one plaintiffs seek to recover possession of certain real property, describing it, the possession of which, it is alleged, is wrongfully withheld from the plaintiffs by the defendant, and for damages for withholding the same. In the second cause of action plaintiffs seek to quiet title to a certain strip of ground which adjoins the property involved in the first cause of action, and it is asked that the defendant be re-

quired to set forth its claim, if any it has. The defendant, in its answer to the complaint, denied the allegations of the complaint, and, as an affirmative defense, alleged that it held the property in question by virtue of a lease which it had obtained from plaintiffs' grantors by the terms of which it was entitled to the possession of the premises in question at a specified rental for a fixed period of time which would not expire for several years. By way of counterclaim it further alleged that pursuant to the terms of the lease it had made improvements and betterments on the devised premises to the value of $2,000. It prayed that the plaintiffs' action be dismissed; that it be adjudged that the defendant has a valid lease upon the premises aforesaid under which it is entitled to possession thereof until May 1, 1923, and that it recover the value of said alleged improvements. The plaintiffs, in their reply, denied the material averments of the answer and counterclaim, and more fully explained the reasons why the defendant is not entitled to the possession of the aforesaid property.

A trial to the court resulted in findings of fact and conclusions of law in favor of the plaintiffs upon which a judgment was entered from which the defendant appeals and assigns numerous errors.

We are met at the threshold with a motion by plaintiffs to dismiss the appeal upon the ground that it was not taken within the time required by our statute. The motion is based upon the contention that the action is one of forcible detainer under our statute (Comp. Laws Utah, 1917, sections 1713 to 1727, inclusive, and hence that an appeal must be taken within the time therein specified, which is within ten days after judgment. While it is true that the relief prayed for in the first cause of action might have been had in a proceeding of forcible detainer, yet it is also true that the relief sought and obtained by plaintiffs under the second cause of action is purely equitable, and could not have been had in a forcible detainer action under our statute. Moreover, the case was tried throughout and submitted to the court, and by it determined, as an action in equity. The plaintiffs, therefore, in order to defeat the appeal, may not now        1

be heard to say that the action was other than one in equity. There is no merit to the motion to dismiss the appeal upon the ground stated therein, and hence the motion should be, and it accordingly is, denied.

Some time after the cause was submitted on the appeal plaintiffs' counsel made application to this court for leave to file another motion to dismiss the appeal upon the ground that the defendant had abandoned its appeal, and hence had waived its right to have the judgment reviewed by this court. That motion is grounded upon the following proceedings:

The judgment, or decree as it is designated in the record, awarded plaintiffs the possession of the property mentioned in the first cause of action, and also awarded them the sum of $2,400 "damages * * * for withholding the possession of said premises." The court also quieted the title to the strip of property before referred to and described in the complaint of plaintiffs, and awarded them costs. The defendant appealed from the judgment "and from the whole thereof." After the cause had been submitted the defendant served notice upon plaintiffs' counsel as follows:

"To the, Plaintiffs and Their Attorneys: Please take notice that pursuant to your notice to vacate and the order of said court requiring said defendant to vacate the premises described in the complaint in the above-entitled action the defendant has vacated said premises and here delivers possession thereof without waiving any of its claims against said plaintiffs, or against the Zion's Savings Bank & Trust Company, or against the City Trust & Investment Company, or against any of them, by reason of being required to vacate said premises contrary to the terms of the said leases named and set forth in its answer and counterclaim herein."

Immediately upon serving that notice plaintiffs' counsel asked and obtained leave to file the additional motion to dismiss the appeal before referred to.

It is elementary that in case a party to an action accepts the benefits of a judgment in his favor or acquiesces in a judgment against him he thereby waives his right to have said judgment reviewed on appeal. 2 Cyc. 644; 3 C. J. p. 665, section 536. In the same volume of Cyc., at page 556, it is said:

"Any act on the part of a defendant by which he impliedly recog-

nizes the validity of a judgment against him operates as a, waiver of his rights to appeal therefrom or bring error to reverse it."

In 2 Ency. Pl. & Pr., at page 174, the rule is stated thus:

"It is a settled doctrine that where a party recovering a judgment or decree accepts the benefits thereof, voluntarily and knowing the facts, he is estopped to afterwards reverse the judgment or decree on error. The acceptance operates as and may be pleaded as a release of error."

See, also, *Elwert* v. *Marley*, 53 Or. 591, 99 Pac. 887, 101 Pac. 671, 133 Am. St. Rep. 850; *Male* v. *Harlan*, 12 S. D. 627, 82 N. W. 179, and *Sheldon* v. *Motter*, 59 Kan. 776, 53 Pac. 127.[1]

Counsel for the defendant does not dispute or question the rule as stated in the foregoing citations, and hence it is not necessary to pursue the subject further.          2

The question, therefore, is, Does this case come within the rule? As we have seen, the principal question that was litigated was whether the defendant had a lease to the premises under which it was entitled to hold possession? The court found that it had no lease, and therefore continued in possession without authority or law and against the consent of the plaintiffs, the owners. The further question as to whether the plaintiffs were entitled to recover the sum of $500 a month for the use of the premises, or were limited to the sum of $350 a month, the amount that it is contended was specified in the alleged lease, entirely depended upon whether the defendant had the alleged lease or not. The court found that there was no lease, and hence found that the amount that defendant should pay was not fixed by any contract, and therefore it should be required to pay the reasonable rental value of the premises, which was $500 a month. In voluntarily surrendering the premises upon which it claimed to have a lease, defendant necessarily surrendered or waived the right to have the question of whether it had or had not a subsisting lease on the premises reviewed by this court. By serving the notice and yielding possession of

[1] Reported in full in the Pacific Reporter; reported as a memorandum decision without opinion in 59 Kan. 776.

the premises to the owners it in effect intimated that it
did not desire the premises longer, and hence conceded      3
the plaintiffs' claim that they were entitled to the posses-
sion' thereof. Defendant therefore abandoned the question of
whether it had a lease or not, and that question is out of the
case. Now the question whether the defendant should pay $500
as monthly rent or only $350, the amount specified in the al-
leged lease, again depended upon whether the defendant could
establish that it had a lease. Having surrendered the prem-
ises, and thereby abandoned the contention that it had a lease,
it must also be deemed to have abandoned the right to have the
question whether it should pay rent according to the terms of
the alleged lease or in accordance with the judgment reviewed
here. That the adandoning of the question of whether it had
a lease carries with it the question of the payment of rent
seems quite clear. Assuming that this court should find that
the district court erred in holding that defendant did not have
a lease and should find that it had one which would expire
in May, 1923, as contended by the defendant, it would then
follow that the defendant was liable to pay rent for the prem-
ises until that time, although it had already surrendered
them. That it was so liable, or might be held liable, is pre-
cisely what the defendant escapes by acquiescing in the find-
ing of the court that it had no lease upon the premises. If,
therefore, it escapes liability and concedes that it has no lease,
it likewise must concede that it cannot have the question of
whether it should pay rent according to the lease or in ac-
cordance with the court's finding reviewed here. We could
not review the question of rent without necessarily consider-
ing the question of whether the defendant had a lease or not.
The question of whether it had a lease being abandoned, the
question of 'rent goes with it.

To avoid any misunderstanding respecting the scope of this
opinion, we feel constrained to say that we do not hold that
in paying a judgment the defendant is necessarily prevented
from prosecuting an appeal, or that he waives or abandons the
one already taken, but what we do hold is, where, as here, the
acquiescence in the judgment and the surrendering of pos-

session of the premises necessarily amounts to a waiver of all the litigated questions, this court is precluded from reviewing the judgment.

It follows, therefore, that the second motion to dismiss the appeal should be, and it accordingly is, sustained; and the appeal is dismissed, at appellant's cost.

CORFMAN, C. J., and WEBER, GIDEON and THUR-MAN, JJ., concur.