## CORNIA et al. v. CORNIA et al.

No. 5227.   Decided October 22, 1932.   (15 P. [2d] 631.)

*Joseph Chez,* of Ogden, for appellants.

*Young & Moyle,* of Salt Lake City, for respondents.

WOOLLEY, District Judge.

In this case it appears that there had been a partnership existing for a great many years between two brothers, Orson Cornia and J. M. Cornia, both of whom are dead. The plaintiffs are Elizabeth Cornia, who sues as the administratrix of the estate of Orson Cornia, deceased, and his children. The defendants are Edward Cornia, sued as the administrator of the estate of J. M. Cornia, deceased, and

eleven other persons who are the heirs at law of J. M. Cornia. The main fact in issue is whether or not a certain 160-acre tract of land, the legal title to which stands in the name of J. M. Cornia, belonged to the partnership. The plaintiff alleges that it did. This allegation is denied by the defendants, who allege that said tract of land belonged to J. M. Cornia in his own right, and that the partnership had no interest whatsoever in the same. The purpose of the suit is to obtain a decree declaring the land to be partnership property, and requiring the defendants to account to the plaintiffs for the use and occupation thereof for a period of two years prior to the commencement of the suit. From a decree entered in favor of the plaintiffs, Edward Cornia, as administrator as aforesaid, and seven of the other defendants have appealed. The appeal is upon the judgment roll without a bill of exceptions.

The respondents have moved to dismiss the appeal. There are four grounds stated in the motion, but we need consider only two of them. The first ground that we will consider is that the assignments of error were not served or filed in this court within the time required by rule 26. The transcript of the record on appeal was filed in this court on September 22, 1931. The assignments of error were served and filed on November 14, 1931, or twenty-one days after the transcript was filed. Rule 26 of this court requires the assignments of error to be served and filed within fifteen days after the filing of the transcript. As the rule was not complied with, the appeal should be dismissed on this ground. *American Trust Company of St. Louis* v. *Millard County Drainage Dist. No.* 3, 75 Utah 309, 284 P. 1000.

The second ground that we will consider is that the appellants have waived their right to appeal, and are estopped from appealing by reason of the following facts which appear upon the record:

The trial court, among other things, found as follows:

"15. The court further finds that the parties hereto have agreed upon the following division and partition of all of the property of said partnership and of all rights and obligations under the partnership agreement, as follows, to wit:

"That the following property be awarded, distributed and partitioned to plaintiffs: (Here follows a particular description of certain real property, including the 160 acre tract in controversy.)

"That the following property be awarded, distributed and partitioned to defendants: (Here follows a particular description of certain real property.)

"All water rights appurtenant to each and all of said tracts to pass with the respective tracts.

"In addition to the foregoing, the plaintiffs are to pay forthwith the sum of Five Hundred Dollars ($500.00) to the defendants to cover the expense of any and all improvements made by the defendants on the Northwest quarter of said Section 27 and the defendants are to pay to plaintiffs the sum of One Hundred Fifty Dollars ($150.00) to cover the rental value of said 160 acres for the years 1928 and 1929, less one-half of the taxes on said 160 acres for said years."

The decree, which is based upon the findings, including finding 15 above set out, and upon appropriate conclusions of law, provides, among other things, as follows:

"5. That the following is a division, partition and settlement of all of the property rights and liabilities of said partnership on behalf of the plaintiffs, representing the interest of Orson Cornia, and on behalf of the defendants, representing the interest of said J. M. Cornia, decedents, to wit:

"There is hereby awarded, distributed, partitioned and set apart to plaintiffs, in full of all of their rights, title, and interest in the partnership assets of said partnership, the following property: (Here follows a particular description of certain real property, including the 160 acre tract in controversy.)

"There is hereby awarded, distributed, partitioned and set apart to defendants, in full of all their right, title and interest in the partnership assets of said partnership, the following property: (Here follows a particular description of certain tract of real property.)

"All water rights apurtenant to each and all of said tracts to pass with the respective tracts.

"In addition to the foregoing, it is ordered and decreed that plaintiffs pay to the defendants forthwith the sum of Five Hundred Dollars ($500.00) cash to cover any and all improvements made by

the defendants or their predecessors in interest on any of the property, and that the defendants pay to plaintiffs, in full of the rental value of a part of the partnership property used exclusively by them for the years 1928 and 1929, the sum of One Hundred Fifty Dollars ($150.00), less one-half of the taxes for said years on said Northwest Quarter of Section 27 referred to."

It also appears that the parties to the suit, through their respective attorneys, by stipulation in writing filed in the case, agreed that the findings and decree be signed by the court.

The transcript furthermore contains the following agreement and order:

### "Stipulation

"It is agreed that the findings and decree have been signed and filed in this action and that notice of the signing and filing thereof is waived by the parties hereto.

"It is further admitted that the $500.00 directed by the decree in the action to be paid by plaintiffs to defendants has been paid and that the defendants have paid to the plaintiffs $75.00 for the rental of the premises involved in the action for the year 1928 and $75.00 for the year 1929.

"March 13, 1931.

"Young & Moyle,
"Attorneys for Plaintiffs.
"Joseph Chez,
"Attorney for Defendants.

### "Order

"In accordance with the foregoing stipulation, it is hereby ordered, adjudged and decreed that the $500.00 ordered by the decree in this action to be paid by plaintiffs to the defendants and the $150.00 to be paid by the defendants to plaintiffs has been paid in accordance with the decree of the court heretofore made.

"By order of the court made this 18th day of April, 1931.

"Melvin C. Harris, Judge."

It thus affirmatively appears by the record, not only that the decree was made and entered with the consent and by the agreement of the appellants, made by their attorney of record in the case, but also that they have voluntarily ac-

quiesced in and recognized the validity of the decree, and have accepted the benefits of the same in their favor. For these reasons they have waived their right to appeal, and are estopped from claiming the right to have the decree reviewed by this court. The following cases and authorities will be found to sustain the foregoing conclusions: 3 C. J. 665, § 536; *Ottenheimer* v. *Mountain States Supply*, 56 Utah 190, 188 P. 1117; *Aetna Life Ins. Co.* v. *Industrial Commission*, 73 Utah 366, 274 P. 139; 3 C. J. 669, 671 and following pages; *Albright* v. *Oyster* (C. C. A.) 60 F. 644.

In fairness to counsel for appellants, we state that at the oral argument he made an explanation of how it came about that he entered into the stipulation that the findings and decree might be made as they were made by the trial court, and that he receipted on behalf of all of his clients for the money paid by the plaintiffs to the defendants, which exonerates him and his appellant clients from blame in regard to these matters. It would seem that if the matters which he related at the argument had been properly presented to the trial court in some proceeding directed toward relieving these appellants from the decree, or toward setting the decree aside as to them, the trial court would have been justified in affording them some relief; or if that court failed to do so, and the matter had been properly presented here, then its action could have been reviewed by this court. But as the record stands, we cannot notice any such matters. We are bound by the record, and they do not appear therein.

The appeal is therefore dismissed, at appellants' costs.

STRAUP, J.

I concur in the result.

ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.

CHERRY, C. J., did not participate herein.