Laurence HOLLINGSWORTH and Deborah Denise Hollingsworth, Plaintiffs and Counterclaim Defendants,

v.

FARMERS INSURANCE COMPANY, a California corporation, Fire Insurance Exchange, a California corporation, et al., Defendants, Cross-Claim Defendant and Respondent.

IDS Life Insurance Company, a Minnesota corporation, et al., Defendants-Intervenors, Counterclaimants, Cross-Claim Plaintiff and Appellant.

Laurence HOLLINGSWORTH and Deborah Denise Hollingsworth, Plaintiffs, Counterclaim Defendants and Respondents,

v.

FARMERS INSURANCE COMPANY, a California corporation, Fire Insurance Exchange, a California corporation, et al., Defendants and Cross-Claim Defendant,

v.

IDS LIFE INSURANCE COMPANY, a Minnesota corporation, et al., Defendants-Intervenors, Counterclaimants, Cross-Claim Plaintiff and Appellant.

Nos. 17828, 17877.

Supreme Court of Utah.

Sept. 7, 1982.

Robert M. McDonald and Robyn O. Heilbrun, Salt Lake City, for IDS Life Ins. Co.

A. Alma Nelson, Salt Lake City, for Fire Ins. Exchange.

Randall Gaither and Robert Van Sciver, Salt Lake City, for Hollingsworth.

HALL, Chief Justice:

Plaintiffs commenced this action against their insurance carrier, Fire Insurance Exchange (Insurer), to recover for the loss of their residence occasioned by a fire. Alleging arson on the part of plaintiffs, Insurer denied liability and refused to make payment. Thereupon, plaintiffs' "mortgagee," IDS Life Insurance Company (IDS), intervened in the action as a defendant, cross-claimed against Insurer for payment of the policy proceeds, and counterclaimed against plaintiffs for foreclosure to collect any sums due under its Note and Trust Deed not recoverable under the policy of insurance. Subsequently, plaintiffs admitted that arson occurred and their claims were dismissed.

IDS' interest in the property amounted to $99,927, the sum owing on the note. After the fire, the value of the remains of the house and lot amounted to $46,500.

Insurer did not dispute IDS' right to recover under the policy. The only controversy was as to the amount of recovery. Insurer moved for summary judgment, contending that IDS was entitled to recover the amount of its interest, $99,927, less the sum of $46,500, which represented the value of the property after the fire, leaving a net recovery of $53,427, plus interest at the legal rate. IDS countered with its motion for summary judgment, contending it was entitled to collect the full amount of its interest of $99,927, plus interest at the legal rate, and that it was entitled to retain its Note and Deed of Trust in order to protect its further claims against plaintiffs for interest and attorney fees.

The trial court did not adopt either contention of the parties as to the amount owed. Rather, it granted summary judgment in favor of IDS in the amount of $99,927, together with interest at the legal rate, but required IDS to assign to Insurer its Note and Trust Deed.

Insurer paid over to IDS in exchange for a Satisfaction of Judgment the sum of $108,402.06, which included interest. Shortly thereafter, IDS filed this appeal seeking reversal of the trial court's judgment which required the assignment of its interest in the mortgaged property to the Insurer and which dismissed its counterclaim. It also seeks a remand for the purpose of entry of judgment of foreclosure of the trust deed.

Insurer has cross-appealed contending that the trial court erred in requiring it to accept an assignment of IDS' interest in the property in lieu of a credit for the value thereof after the fire. Nevertheless, Insurer is willing to abandon the issues raised by

its cross-appeal should the Court conclude as it does that IDS waived its right to appeal by its acceptance of the benefits of the judgment rendered by the trial court, by its execution of a complete Satisfaction of Judgment, and by assignment of its interest in the subject property, pursuant to the judgment.

■ Generally, when a judgment creditor accepts payment and executes a satisfaction of judgment the controversy becomes moot and the right of appeal is barred.[1] However, the general rule does not necessarily prevent an appeal as to separate and independent claims if it is shown that a controversy remains in regard thereto.[2]

■ In this case, IDS contends that the Satisfaction of Judgment and Assignment expressly preserved its right to appeal, and that it had no intention to settle, compromise or render the controversy moot. We do not so conclude.

The language contained in the Satisfaction of Judgment which IDS relies upon as an expression of its intention to preserve its right of appeal reads as follows:

> [S]aid judgment has been recovered by IDS from Fire Insurance Exchange in the form of a draft delivered to the undersigned which draft Fire Insurance Exchange and its counsel stipulated to be absolutely payable upon presentment without restriction. . . .

The foregoing language makes no reference as to whether the right of appeal was intended to be preserved or not. It simply recites the fact that counsel for the parties had agreed that the draft in payment of the judgment would not contain a restrictive endorsement. Such an agreement is neither unexpected nor uncommon in light of the fact that acceptance of the draft required the execution and delivery of a Satisfaction of Judgment in return therefor.

The language contained in the Assignment, similarly relied upon by IDS as an expression of its intention to preserve the right of appeal, reads as follows:

> This Assignment is made in compliance with the order of Summary Judgment indicated above. Except as required by the Order of Summary Judgment, in making this Assignment, IDS does not release or waive any rights it may have with respect to any party or person.

As in the case of the Satisfaction of Judgment, the foregoing language does not preserve the right of appeal. The reference therein to nonrelease and nonwaiver of rights is viewed as innocuous in light of the fact that the Assignment, by its terms, was given "in compliance" with the judgment. Particularly is this so since the Assignment was given only after acceptance of payment in full of the judgment, followed by the execution and delivery of a full Satisfaction of Judgment. Any intention IDS may have had to preserve the right of appeal is wholly inconsistent with its actions.

IDS further contends that the judgment rendered is divisible, and that it now seeks only to enforce its claim for foreclosure on its note and trust deed. We do not so view the judgment.

■ The judgment obligated Insurer to pay the sum of $99,927, plus interest, conditioned upon an assignment from IDS of its interest in the property. Therefore, the assignment ordered by the trial court was not a separable part of the judgment, within the contemplation of the holding of the Court in *Jensen v. Eddy,*[3] but an integral part thereof.

This case being now moot, we dismiss the appeal. No costs awarded.

STEWART, OAKS, HOWE and DURHAM, JJ., concur.

1. *Merhish v. H.A. Folsom & Associates,* Utah, 646 P.2d 731 (1982); *Clive v. Mason,* Utah, 605 P.2d 763 (1980); *Jensen v. Eddy,* 30 Utah 2d 154, 514 P.2d 1142 (1973).

2. *Jensen v. Eddy, supra,* n. 1.

3. *Supra,* n. 1.