James TREES, Plaintiff and
Respondent,

v.

Walter LEWIS, Defendant
and Appellant.

No. 19333.

Supreme Court of Utah.

April 21, 1987.

J. Richard Bell, Jacque B. Bell, Salt Lake City, for defendant and appellant.

Michael D. Hughes, St. George, for plaintiff and respondent.

DURHAM, Justice:

Walter Lewis (seller) appeals from a judgment requiring him to specifically perform a contract to sell a ranch to James Trees (buyer).[1] The case was, at seller's request, tried to an advisory jury, which found against seller. The court adopted the advisory jury's answers to special interrogatories in its findings of fact and conclusions of law. On appeal, seller urges us to reverse on several grounds: the advisory jury erred in finding buyer had accepted seller's counter offer; the jury erred in finding there was a meeting of the minds; the judge made several improper evidentiary rulings; the judge erred in instructions to the jury; and the judge awarded an excessive amount to buyer as legal fees. We dismiss seller's appeal.

■ We need not reach the merits of this dispute for several reasons. First, seller has not supported the facts set forth in his brief with citations to the record[2] as re-

---

1. Buyer has cross appealed, arguing that the trial court erred in rejecting his claim for reliance damages as an alternative to specific performance. We need not reach this issue because we dismiss seller's appeal.

2. The fact statement in seller's brief refers to documents by their exhibit numbers, but contains no citations to the record. Occasional references to the record appear in the argument section of the brief.

quired by Utah Rule of Appellate Procedure 24(a)(6) (Supp.1986).[3] In *State v. Tucker*, 657 P.2d 755, 757 (Utah 1982), we interpreted Utah Rule of Civil Procedure 75(p)(2)(2)(d), the forerunner of Utah Rule of Appellate Procedure 24(a)(6), and stated:

> This Court will assume the correctness of the judgment below if counsel on appeal does not comply with the requirements of Rule 75(p)(2)(2)(d), Utah Rules of Civil Procedure, as to making a concise statement of facts and citation of the pages in the record where they are supported.

(Citations omitted.)

Further, we agree with buyer's argument that seller lost his right to appeal by acquiescing in and accepting benefits under the judgment he now assails. The trial court ordered seller to convey the ranch to buyer and to set up a payment schedule under which buyer was to make payments to seller. Seller did not file a supersedeas bond as permitted by Utah Rule of Civil Procedure 62(d) and Utah Rule of Appellate Procedure 8; rather, seller moved off the ranch and cashed over $70,000 in checks tendered by buyer, noting on the checks that he did so in order to collect interest on the money. After he had cashed buyer's checks, seller sought a court order sanctioning his retention of the money or permitting him to return it to buyer. The denial of that order was not appealed by seller.

By giving up possession of the property and accepting the money tendered by buyer, seller has waived his right to appeal. As a general rule, one who accepts a benefit under a judgment is estopped from later attacking the judgment on appeal, and one who acquiesces in a judgment cannot later attack it.[4] In *Ottenheimer v. Mountain States Supply Co.*, 56 Utah 190, 193, 188 P. 1117, 1118 (1920), the plaintiff sued to recover land in the possession of the defendant, who allegedly occupied the premises under a lease from the plaintiff.

The plaintiff was awarded a judgment after trial, and the defendant moved from the land. Although the defendant wrote to the plaintiff's attorney explaining that he did not intend to waive his right to appeal by moving off the land, we held against the defendant, stating: "It is elementary that in case a party to an action accepts the benefits of a judgment in his favor or acquiesces in a judgment against him he thereby waives his right to have said judgment reviewed on appeal." 56 Utah at 193, 188 P. at 1118 (citations omitted); *see also Hollingsworth v. Farmers Insurance Co.*, 655 P.2d 637 (Utah 1982) (finding no right to appeal when defendant accepted payment and executed a written satisfaction of judgment notice).

Under the acceptance-of-benefits doctrine, it is not necessary that the judgment have been rendered for the party who is estopped by the acceptance of benefits under the judgment. *See* Annot., 169 A.L.R. 985, 993 (1947); *Cornia v. Cornia*, 80 Utah 486, 15 P.2d 631 (1932) (defendant in an action to recover land accepted allowance for improvement and was estopped to appeal from a judgment giving title to plaintiff). We think that this rule is more than a technicality of common law designed to ensnare the unwary; the rule embodies a valid protection of the successful party in the trial court. An appellant who accepts the benefits of a judgment from which he is appealing accomplishes a significant shift in the burden of risk; he exposes the respondent to the possibility not only to a possible loss on appeal, but also the potential loss of the benefit he has provided to the appellant. For example, in this case, seller has taken over $70,000 of buyer's money which, should we reverse on appeal, buyer would have to recover from seller, who may not be able or willing to refund it. Further, seller has allowed buyer to inconvenience himself by moving to the ranch and hiring a staff.

---

**3.** Rule 24(a)(6) became effective in January 1985, replacing former Utah Rule of Civil Procedure 75(p)(2)(2)(d). Both rules require citations to the record to support the fact statement in the briefs.

**4.** The rule has several exceptions, not one of which is relevant to this case. *See, e.g., Jensen v. Eddy*, 30 Utah 2d 154, 514 P.2d 1142 (1973).

In short, we think that seller's actions in this matter prevent us from reviewing the merits of his appeal. Dismissed. Costs and reasonable attorney fees to respondent.

HALL, C.J., STEWART, Associate C.J., and ZIMMERMAN, J., concur.

HOWE, Justice (concurring):

I concur on the ground that the appellant has accepted the benefits of the judgment.