Anna CINGOLANI, as guardian ad litem for Victor Domenick Cingolani and Christinia Lynn Cingolani, Plaintiff and Appellant,

v.

UTAH POWER & LIGHT COMPANY, a Utah corporation, Defendant and Appellee.

Joan CINGOLANI, as Personal Representative of the Estate of Victor Cingolani, Deceased, Plaintiff and Appellant,

v.

UTAH POWER & LIGHT COMPANY, a Utah corporation, Defendant and Appellee.

Nos. 880569–CA, 880671–CA.

Court of Appeals of Utah.

April 18, 1990.

W. Brent Wilcox, Edward B. Havas (argued), Giauque, Williams, Wilcox & Bendinger, Salt Lake City, Joane Pappas White, Price, for appellant Anna Cingolani.

Rex Lewis (argued), Kevin J. Sutterfield, Howard, Lewis & Petersen, Provo, for Joan Cingolani.

Before DAVIDSON, JACKSON and LARSON,[1] JJ.

## OPINION

JACKSON, Judge:

In these consolidated appeals, the heirs of Victor Cingolani (Victor) challenge as inadequate their individual awards from a lump sum damage settlement paid by appellee Utah Power & Light Company[2] in a wrongful death action. In addition, appellant Anna Cingolani (Anna) contests an evi-

---

**1.** John Farr Larson, Senior Juvenile Judge, sitting by special appointment pursuant to Utah Code Ann. § 78–3–24(10) (Supp.1989).

**2.** Although technically an appellee in both cases, Utah Power & Light Company is not an active

participant in either appeal because the two groups of appellants are fighting with each other over the distribution of the settlement to which all appellants agreed.

dentiary ruling related to the appropriate measure of the heirs' damages and challenges the trial court's failure to award Anna's attorneys a portion of the contingent fee Joan Cingolani (Joan) contractually agreed to pay Joan's attorneys. Because we conclude that the parties' conduct after the entry of the judgment and orders appealed from has rendered their appeals moot, we dismiss the appeals in both cases.

Victor and Anna, the natural parents of Victor Domenick and Christinia Lynn Cingolani, were divorced in March 1981. Victor married Joan in May 1981 and formally adopted her three children in August 1984. Victor and twenty-six others died in the Wilberg Mine fire on December 19, 1984. One month later, the families of eighteen of the victims—not including any of Victor's heirs—joined together in filing wrongful death claims against the mine owner and operator, in an action entitled *Janice Fay Carter et al. v. Utah Power & Light Co. et al.*, Fourth Judicial District Court (Civ. No. 68596). The *Carter* plaintiffs had retained or associated the law firm of Giauque, Williams, Wilcox & Bendinger (GWWB) to represent them in the litigation. GWWB immediately assumed the role of lead counsel and conducted extensive discovery and pretrial preparation over the next two years.

In June 1986, Anna filed a wrongful death suit on behalf of Victor's two minor natural children ("the Anna Cingolani plaintiffs"). Anna was represented by attorney Joane Pappas White and GWWB. She agreed to pay her attorneys one-third of any recovery. In October 1986, Joan filed a wrongful death suit on behalf of herself as Victor's widow and on behalf of Victor's three minor adopted children ("the Joan Cingolani plaintiffs"). She retained the law firm of Howard, Lewis & Petersen (HLP) as counsel in the suit, agreeing to pay the firm one-third of any recovery as a contingent fee. Both of these lawsuits on behalf of Victor's heirs were eventually consolidated with the *Carter* case.

The plaintiffs in all the pending wrongful death actions arising out of the Wilberg Mine fire reached a pretrial settlement with Utah Power & Light Company in early 1987. Nearly one million dollars of that settlement was allotted to all the Cingolanis. Although their attorneys had joined forces to maximize recovery and obtain this lump sum, the two camps of Victor's heirs could not agree on a division of the family's settlement among them, so the funds were deposited with the court pending a judicial determination of the heirs' individual shares.

After a two-day bench trial, Judge Cullen Y. Christensen entered an order and judgment on April 11, 1988, awarding Joan 54% of the allotted settlement proceeds, plus accrued interest on that amount, and awarding the five children shares of the total settlement that ranged from 5% to 13%, plus accrued interest. The clerk of the district court was ordered to pay two-thirds of these sums, less agreed-upon costs, to the individual heirs. The remaining one-third was ordered retained by the clerk of the court pending resolution of GWWB's claim that it was entitled to a portion of HLP's contingent fee on a contract or quantum meruit theory.

Neither appellant sought a stay of Judge Christensen's order. Instead, with no objection from Anna, the clerk disbursed to Joan in July 1988 the amounts due the Joan Cingolani plaintiffs pursuant to the April 11, 1988, order and judgment. Likewise, with no objection from Joan, the clerk disbursed to Anna in September 1988 the amounts due to the Anna Cingolani plaintiffs under the April 11, 1988, order and judgment.

After an evidentiary hearing in late summer, Judge Ray M. Harding issued an order on September 22, 1988, denying GWWB any portion of the attorney fees due HLP under HLP's contingent fee agreement with Joan. Each law firm was awarded the contractually agreed-upon one-third of the recovery obtained by its respective client. No stay of this order was sought. Instead, upon each firm's request, the clerk of the court disbursed to each in late September its one-third share of its own client's recovery. The funds remaining with the court to cover litigation

costs were disbursed to GWWB in October 1988, leaving no funds on deposit with the trial court.

In her appeal from Judge Christensen's order, Anna first asserts that, in order to determine properly the relative losses of Victor's heirs, the trial court should have received proffered evidence of events occurring after Victor's death that resulted in substantial financial benefits to Joan and her children. Furthermore, Anna argues, even if the court did not err in measuring the heirs' losses in light of circumstances at the time of Victor's death, the trial court's awards to the Anna Cingolani plaintiffs were inadequate in light of the evidence. Joan also appeals from Judge Christensen's allocation order, claiming that the percentage shares awarded the Anna Cingolani plaintiffs were too large in light of the evidence presented. In their prayers for relief, both appellants essentially request this court to vacate the April 11, 1988, judgment and order and remand the cases for a redistribution of the family's lump sum settlement.

In her appeal from the order of September 22, 1988, Anna and GWWB contend that Judge Harding erred in several ways in refusing to award GWWB part of HLP's contingent fee. They ask this court to modify Judge Harding's order and make an award to GWWB or to vacate the order and remand the attorney fee distribution claim to the trial court for its redetermination.

While these appeals were pending, Joan filed a motion for summary dismissal, contending that the cases were moot because the parties and GWWB had accepted the benefits of the orders appealed from by taking their adjudged shares of the settlement proceeds. The law and motion panel of this court denied summary disposition, but reserved the mootness issue for full briefing and oral argument.

■ Under the general acceptance-of-the-benefits doctrine, one who accepts a benefit under a judgment is estopped from later attacking the judgment on appeal, and one who acquiesces in a judgment cannot later attack it. *Trees v. Lewis*, 738 P.2d 612, 613 (Utah 1987); *Ottenheimer v.*

*Mountain States Supply Co.*, 56 Utah 190, 188 P. 1117 (1920); *see generally* Annotation, *Appeal—Payment of Judgment—Effect*, 39 A.L.R.2d 153 (1955). The Utah Supreme Court has applied this general doctrine using diverse legal theories in its rationale, depending on the particular circumstances of the case. For example, in *Ottenheimer*, 188 P. at 1118, the court held that the appellant company, in surrendering premises to the respondent/owners in accordance with the judgment appealed from, had "abandoned" its appeal and "waived" its right to have the appellate court decide the question of whether appellant had a valid lease of the property. In *Trees*, 738 P.2d at 613, the court examined the appellant's compliance with a trial court's judgment of specific performance in light of established estoppel factors, including respondent's reliance on appellant's surrender of the property and acceptance of the respondent/buyer's money. In *Black v. Alpha Fin. Corp.*, 656 P.2d 409 (Utah 1982), the court held that a real estate purchaser's appeal from a judgment of forfeiture was moot because of the purchaser's post-judgment payment of the entire balance of the real estate contract in compliance with the judgment. *See also Hollingsworth v. Farmers Ins. Co.*, 655 P.2d 637 (Utah 1982) (defendant's appeal dismissed as moot where it had accepted payment under the judgment appealed from and executed a written satisfaction of judgment).

■ The general rule requiring dismissal of cases in which the issues have become moot is the product of a strong judicial policy against giving advisory opinions. *Black*, 656 P.2d at 410–11; *Merhish v. H.A. Folsom & Assocs.*, 646 P.2d 731, 732 (Utah 1982); *Reynolds v. Reynolds*, 788 P.2d 1044, 1045 (Ct.App.1990). Where mootness is the suggested basis for application of the acceptance-of-the-benefits doctrine, our focus is not on appellant's intent or on the opposing party's reliance on appellant's conduct. Instead, we must determine whether an appellant's conduct in accepting the benefits of, or in acquiescing in, the judgment or order appealed from has ren-

dered our resolution of the issues on appeal a purely academic exercise. "If the requested judicial relief cannot affect the rights of the litigants, the case is moot...." *Black*, 656 P.2d at 411 (quoting *Duran v. Morris*, 635 P.2d 43, 45 (Utah 1981)); *accord Merhish*, 646 P.2d at 732.

 In the instant appeals, neither appellant sought a stay of the April 11, 1988, order and judgment from which they appeal. Both appellants accepted their own shares of the Cingolani family settlement as distributed by Judge Christensen, ·and each has acquiesced in payment of the decreed share to the other. There was no agreement by the Joan Cingolani plaintiffs to redeposit their shares with the district court in the event the Anna Cingolani plaintiffs successfully challenged the judgment and order of distribution on appeal, and there was no agreement by the Anna Cingolani plaintiffs to do the same if the Joan Cingolani plaintiffs successfully challenged the judgment and order of distribution in their appeal. With regard to the attorney fee claim, Anna and GWWB did not seek a stay of the September 22, 1988, order distributing one-third of the Joan Cingolani plaintiffs' recovery to HLP. Instead, Anna and GWWB acquiesced in the clerk's disbursement of the full contingent fee to HLP in accordance with Judge Harding's order and did not obtain any agreement from HLP to redeposit those funds with the district court if Anna prevailed in this court on the attorney fee distribution claim.

As a result of these actions by the parties and Anna's counsel, the issues raised in both appeals are moot. There is no longer any settlement money on deposit with the clerk of the district court, and there is no basis on which either the trial court or a party successful on appeal could compel the other party's return of the disbursed funds to the district court for redistribution. In short, even if we were to agree with one of the appellants on the settlement distribution claim or with Anna and GWWB on the attorney fee distribution claim, we could not afford any relief to the successful appellant. *See Black*, 656 P.2d at 410.

Appellants have not raised, and we do not perceive, any issues of public interest, *see Wickham v. Fisher*, 629 P.2d 896, 899 (Utah 1981), or any other extraordinary circumstances constituting an exception to the mootness doctrine, *see Reynolds*, 788 P.2d at 1045, that would justify our consideration of the merits of these moot appeals. We therefore dismiss both appeals, with the parties to bear their own costs.

DAVIDSON and LARSON, JJ., concur.