JACOBSEN, MORRIN & ROBBINS
CONSTRUCTION COMPANY,
Plaintiff and Appellee,

v.

ST. JOSEPH HIGH SCHOOL BOARD
OF FINANCIAL TRUSTEES,
Defendant and Appellant.

No. 890468–CA.

Court of Appeals of Utah.

June 28, 1990.

Edward J. McDonough, Salt Lake City, for defendant and appellant.

Michael Wilkins and Kendall S. Peterson, Tibbals, Howell, Moxley & Wilkins, Salt Lake City, for plaintiff and appellee.

Before BENCH, GARFF, and JACKSON, JJ.

## OPINION

BENCH, Judge:

Plaintiff general contractor sued defendant high school board for the balance due on a construction contract. The district court awarded judgment to plaintiff and denied defendant's counterclaim. We dismiss defendant's appeal as moot.

In July 1984, defendant St. Joseph High School Board of Financial Trustees ("high school") executed a written contract with plaintiff Jacobsen, Morrin & Robbins Construction Company ("contractor") [1] for construction work on St. Joseph High School in Ogden, Utah. Two separate projects were encompassed by the contract—the remodeling of a gymnasium and locker rooms, and the addition of a classroom and library.

Using a standard form contract published by the American Institute of Architects, high school agreed to pay contractor the total cost of construction plus a five-percent supervision fee. No firm costs were established in the contract, although "bud-

1. Now doing business as Jacobsen–Robbins Construction Company.

getary target prices" of $48,239 for the gymnasium/locker rooms and $299,953 for the classroom/library were included. The work was to start on July 16, 1984, and was to be substantially completed by September 21, 1984, for the gymnasium/locker rooms, and November 30, 1984, for the classroom/library. Although the estimated costs and completion dates were later exceeded, the contract imposed no specific penalties for the failure to meet the price and time provisions of the contract.

After construction was completed and high school failed to pay approximately $30,000 that contractor claimed was still due under the contract, contractor filed suit. High school counterclaimed for damages resulting from alleged construction delays and cost overruns.

Trial was conducted December 3–8, 1987. An advisory jury returned a special verdict awarding contractor $19,584.01 and denying high school's counterclaim. The trial court subsequently entered judgment for this amount, plus interest. High school's motion for a new trial on its counterclaim was denied.

High school argues on appeal that the trial court erred in instructing the jury and in declining to adopt high school's proposed jury instructions. We do not reach the merits of high school's appeal, however, since we conclude that the appeal must be dismissed on grounds of mootness. Based on this conclusion, we also do not address contractor's claim that the appeal was untimely filed.

The record indicates that on March 2, 1988, contractor served a writ of garnishment on high school's bank account. Six days later, high school agreed to pay the judgment, most of it immediately and the remainder within thirty days, if contractor suspended its execution of judgment. Contractor agreed. On April 4, high school paid the balance of the judgment and two days later, mailed a satisfaction of judgment to contractor for execution. The satisfaction of judgment evidenced no intent to appeal any portion of the judgment, but merely provided:

The plaintiff, by and through its undersigned attorney of record, hereby acknowledges satisfaction of the judgment entered herein, and directs that all garnishments, executions, or other process issued upon the judgment in this case be released and cancelled.

The document was executed by contractor on April 14, 1988, and filed with the district court.

 Contractor now seeks to have us invoke the well-settled rule in Utah that "one who acquiesces in a judgment cannot later attack it." *Trees v. Lewis*, 738 P.2d 612, 613 (Utah 1987); *see also Black v. Alpha Fin. Corp.*, 656 P.2d 409, 410 (Utah 1982); *Sierra Nevada Mill Co. v. Keith O'Brien Co.*, 48 Utah 12, 18, 156 P. 943, 946 (1916); *Cingolani v. Utah Power & Light Co.*, 790 P.2d 1219, 1220 (Utah Ct. App.1990). Accordingly, "if a judgment is voluntarily paid, which is accepted, and a judgment satisfied, the controversy has become moot and the right to appeal is waived." *Jensen v. Eddy*, 30 Utah 2d 154, 156, 514 P.2d 1142, 1143 (1973); *see also Hollingsworth v. Farmers Ins. Co.*, 655 P.2d 637, 639 (Utah 1982); *Ottenheimer v. Mountain States Supply Co.*, 56 Utah 190, 193, 188 P. 1117, 1118 (1920).

High school acknowledges the general rule, but claims application of the exception discussed in *Jensen:*

If a judgment is entered as to one part of a controversy, which is separate and distinct from another part, and the disposition of the latter cannot affect the disposition of the former, a party may accept the money or property to which he is entitled, and not be deemed to waive his right to appeal as to other independent claims which the court refused to grant.

*Jensen*, 30 Utah 2d at 157, 514 P.2d at 1143.

High school argues that the appeal involves claims separate and distinct from those involved in the satisfaction of judgment. However, it is clear that two of the three issues raised by high school are challenges to the jury instructions given below. As such, they are claims clearly encompassed by the jury verdict. The remaining

issue, contesting the trial court's refusal to instruct the jury on high school's theory of the case, goes to high school's counterclaim. We must merely determine whether the counterclaim is a "separate and distinct" controversy, which cannot affect the disposition of contractor's judgment for amounts due under the contract.

The counterclaim sought recovery for the alleged breach of contractor's obligations under the contract. It was premised on the fact that construction "deadlines" were not met and that high school did not receive from contractor timely financial data so that cost overruns could be avoided or mitigated.

The trial court's findings on these issues indicate that no separate and distinct controversy was involved. The trial court found, for example, that the parties agreed to modify the scope and design of the project in order to reduce costs. These modifications effectively changed the time of performance of the contract. Since the court found that contractor did not unreasonably delay completion of the project, nor commit any other material breach of the contract, high school was not entitled to recover on its counterclaim. In denying defendant's motion for new trial, the district court held that the counterclaim was neither separate and distinct, nor independent of the case-in-chief, but so "interwoven" with it that it could not intelligently be separated. We agree. The resolution of contractor's complaint put an end to the controversy, and the payment and acceptance of the judgment by high school rendered the appeal moot.

In the absence of extraordinary circumstances, we do not generally consider mooted questions on appeal. *See Reynolds v. Reynolds,* 788 P.2d 1044, 1046 (Utah Ct. App.1990). There are no such circumstances in this case.

Appeal dismissed.

GARFF and JACKSON, JJ., concur.