No. 83-255

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

FIRST SECURITY BANK OF KALISPELL,

Plaintiff and Respondent,

-vs-

INCOME PROPERTIES, INC., JOHN J. MING,
INC., TREASURE STATE REALTORS, INC.,
JOHN J. AND MARIE MING,

Defendants and Appellants.

APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Robert C. Sykes, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

John J. Ming, pro se, Kalispell, Montana

For Respondent:

Hash, Jellison, O'Brien & Bartlett; James C. Bartlett,
Kalispell, Montana

Submitted on Briefs: December 1, 1983

Decided: February 2, 1984

Filed:

Ethel M. Harrison

Clerk

Mr. Justice L.C. Gulbrandson delivered the Opinion of the Court.

Defendants appeal from the judgment of the District Court of the Eleventh Judicial District, Flathead County, granting possession of certain real property to plaintiff First Security Bank of Kalispell, and awarding damages to the plaintiff on account of wrongful possession by defendants. For the reasons stated below, we dismiss the appeal as moot.

In December of 1975, a trust indenture was executed by Income Properties, Inc. as grantor, First Montana Title Company, as trustee, and First National Bank of Kalispell (now Norwest Bank), as beneficiary. The property consisted of two lots adjacent to the main street of Kalispell, Montana. A two bedroom home sits on one lot, and a converted office building is on the other lot. John and Marie Ming apparantly operated a real estate business in the converted building and maintained residence in the home. John Ming is president of Income Properties, Treasure State Realters, Inc., and John J. Ming Inc.

Income Properties defaulted on the terms of the indenture in 1981 and failed to cure. The property was subsequently noticed for a public trustee's sale on December 31, 1981. The property was purchased by the plaintiff, First Security Bank (First Bank), for the sum of $60,500. A trustee's deed was then executed in plaintiff's name.

First Bank gave written notice to Ming and his corporations to vacate the two lots. Ming refused to move and retained possession of both the house and the office. On June 16, 1982, the bank filed a complaint in justice

court alleging unlawful detainer and seeking possession and damages. Ming, appearing _pro se_, filed an answer questioning the propriety of First Bank's title to the property. At this point, the justice court was deprived of jurisdiction, and the cause was certified to district court.

The plaintiff renewed the terms of its old complaint. An amended answer, written on stationary belonging to the law firm of Datsopolous, McDonald and Lind but signed only by John Ming, denied the Bank's allegations of title and damages. The answer went on to assert that the trustee's sale had been defective, and that First Bank had always been aware of the defects. Ming also pressed a counterclaim against the Bank and a third party claim against First Montana Title Company, alleging a conspiracy to defraud Ming and his wife of the property in dispute.

The Bank moved for summary judgment on October 13, 1982, and filed appropriate affidavits and a memorandum in support of the motion. The Bank's motion and memorandum emphasized that if there were any defects in the trustee's sale, as alleged by Ming, then his complaint lay with the trustee under the trust indenture, First Montana Title Company, or the beneficiary, Norwest Bank, and not against First Bank, which alleged status as a bona fide purchaser for value. A hearing on the motion was scheduled for October 26, but the matter was continued at request of Ming's counsel, Chris Swartley of Datsopolous, McDonald and Lind.

On November 23, Swartley moved to withdraw as defendants' counsel, alleging that the attorney-client relationship had been "strained" from the outset and that

Ming had been "totally uncooperative in resolving [the case] or in following [counsel's] recommended course of action." Following issuance of an order to show cause and a hearing, the trial judge granted the withdrawal petition. Ming was ordered to prepare a brief and appropriate affidavits in response to the summary judgment motion. He then retained attorney Lloyd Ingraham of Polson as counsel. Neither Ingraham nor Ming prepared pleadings or supporting documents as ordered by the court. Instead, Ingraham informally requested another continuance. The request was denied.

Without explanation or justification, no responsive pleadings, affidavits, or other documents were prepared or filed after the trial court denied the second continuance. On December 22, 1982, the court granted summary judgment to the Bank. In its findings of fact and conclusions of law, the court noted defendants' failure to file a responsive pleading, but emphasized that if defendants had any legitimate claims at stake, they were against the title company or Norwest Bank, and not First Bank, which the court found was a bona fide purchaser for value, taking the property free of any defects. The court set a hearing for January 21, 1983, to hear evidence on damages stemming from defendants' wrongful possession of the properties. A writ of possession was prepared in the event the Mings refused to vacate the properties.

On December 27th, Ming pro se filed a notice of appeal to this Court and posted a $500 appeal bond. The appeal was stricken sua sponte by this Court January 19, 1983, because the judgment was not final pursuant to Rule 1, M.R.App.Civ.P., and lacked certification under Rule 54(b),

M.R.Civ.P.  The cause was returned to district court, whereupon the damages hearing proceeded as originally ordered.  Ming again appeared on his own behalf, alleging nominal damages, if any, from his possession of the lots and buildings thereon.  The trial court disagreed, and its judgment of February 25, 1983, found defendants liable for $38,437.50 damages and $1,200 in attorney's fees. (Actual damages for wrongful possession amounted to only $12,812.50, but because the court found that such possession had continued in bad faith for many months, the actual damages were trebled as provided by law.)  Following notice of entry of judgment, Ming, acting pro se, submitted a pleading captioned "Motions to Reconsider," criticizing alleged defects in the trustee's sale and the subsequent award of damages.  Copies of several documents relating to the trust indenture were attached.  However, no action was taken on these "motions," and Ming timely filed a notice of appeal April 1, 1983.  None of the parties make any reference in their briefs to Ming's "motions."

In the interim following entry of judgment, Ming apparantly refused to move himself or his business and personal effects from the lots.  A writ of possession was issued, and all personal effects were removed.  The Mings left their residence and place of business.  Subsequent writs of execution have been filed on Ming's personal property and financial accounts to satisfy damages awarded under the court's judgment.  At no time before or after notice of appeal was filed did Ming or his attorney, Ingraham, move to stay execution of the judgment or file an appropriate supersedeas bond.

We note that all appellate briefs filed on defendants' behalf have been prepared and submitted by Mr. Ingraham. We also note that, subsequent to submission of this case, several motions and personal letters have been filed by First Bank and the defendants concerning alleged jurisdictional defects in the appeal. We denied, without prejudice, First Bank's motion to dismiss this appeal for mootness. Similarly, we denied motions to dismiss for lack of prosecution, out of consideration for defendants' efforts to at least put before this Court the issues they deem critical. Ming contacted the trial court for advice about a stay of execution of judgment and the filing of a supersedeas bond, but he apparantly has not pursued either course of action.

On this appeal, defendants raise two issues relative to the District Court's summary judgment: (1) Whether the trustee's sale was defective, and (2) whether First Bank had notice of the alleged defects. No issue is raised concerning damages awarded to the Bank. Although the Bank has responded to allegations concerning the trustee's sale, it renews its previous motions to dismiss for mootness and other jurisdictional irregularities. Upon examination of the record and consideration of issues presented by the parties, we now grant the Bank's motion to dismiss the appeal as moot, because this Court is not able to render the relief defendants seek.

Rule 7(a), M.R.App.Civ.P. provides, in pertinent part:

> "Upon entry of a judgment or order a party may apply to the district court on notice or ex parte for a stay of execution of the judgment or order . . . Upon service of notice of appeal, if the court has made no such order . . . he may

present to the district court and secure its approval of a supersedeas bond which shall have such surety or sureties as are required . . . The bond shall be conditioned for the satisfaction of the judgment or order in full together with costs, interest, and damages for delay, . . . <u>When the judgment or order determines the disposition of property in controversy as in real actions, replevin, and actions to foreclose mortgages . . . the amount of the supersedeas bond shall be fixed at such sum only as will secure the amount recovered for the use and detention of the property, the costs of the action, costs on appeal, interest, and damages for delay . . .</u>" (Emphasis added.)

By paying damages or surrendering property due under a judgment, a party effectively accedes to the correctness of that judgment, and it passes beyond this Court's power to review. Dahl v. Petroleum Geophysical Co. (Mont. 1981), 632 P.2d 1136, 38 St.Rep. 1474; Montana Nat'l Bank of Roundup v. Dept. of Revenue (1975), 167 Mont. 429, 539 P.2d 722; Gallatin Trust & Sav. Bank v. Henke (1969), 154 Mont. 170, 461 P.2d 448.

Here, defendants have surrendered the property in question under court order and the terms of a writ of possession. No stay of execution of judgment was sought and no supersedeas bond was requested or approved. Defendents have acquiesced in the terms of the summary judgment; this Court is in no position to grant relief. As we emphasized earlier, the issue of damages is not before this Court. Defendants' only responses to the mootness issue are that no statute or case law has been cited in support of the Bank's motion to dismiss, and that the Bank's contentions with respect to stay of judgment and a supersedeas bond are absurd. The first response is incorrect; the second is without merit. Furthermore, defendants' dogged persistence

in attacking the District Court's summary judgment, after failing, without explanation or justification, to file responsive pleadings and supporting affidavits in opposition to First Bank's motion for summary judgment, is more than a little unusual. Nevertheless, because defendants may be appealing in good faith reliance on defense counsel's theory of the case, we decline the Bank's suggestion that we award damages under Rule 32, M.R.App.Civ.P. for an unreasonable appeal.

The appeal is dismissed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices