STATE ex rel., ROYCE–ST. LOUIS
LIMITED PARTNERSHIP,
Relator,

v.

Robert W. KRAIBERG, Excise
Commissioner, City of St.
Louis, Respondent.

No. 63251.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 2, 1993.

James J. Wilson, City Counselor, Michael A. Garvin, Patrick J. Connaghan, St. Louis, for relator.

Riezman & Blitz, P.C., Robert D. Blitz, John E. Bardgett, St. Louis, for respondent.

KAROHL, Judge.

Robert W. Kraiberg, Excise Commissioner of the City of St. Louis, appeals from an order and judgment in mandamus directing him to transfer a liquor license and 3:00 a.m. closing permit to Royce–St. Louis Limited Partnership (Royce), formerly known as Rupert's–St. Louis Limited Partnership (Rupert's), for the premises at 5130 Oakland Avenue. Royce moves this court to dismiss the appeal as moot because Kraiberg satisfied the order by transferring the licenses prior to filing his notice of appeal. We now sustain Royce's motion. The appeal is dismissed because the two substantive issues on appeal are moot and we have no jurisdiction to reach the merits.

The evidence presented to the circuit court before it entered the order in mandamus consisted of stipulated facts. Rupert's, a Minnesota limited partnership, operated a nightclub at 5130 Oakland Avenue in the City of St. Louis beginning in November, 1989. At that time, Webb Entertainment, Inc. was the sole general partner and Tailwind Corporation constituted the limited partner. Rupert's obtained a City of St. Louis Retail Liquor License and a 3:00 a.m. Closing Permit (hereinafter, licenses). On July 1, 1992, Shoefly Corporation entered Rupert's as a general partner and Webb withdrew. The agreement assigning Webb's general partnership interest to Shoefly contained a condition that the name of the partnership be changed. Rupert's then became Royce. On October 23, 1992, Royce applied to Excise Commissioner Kraiberg for transfer of its licenses pursuant to § 14.06.330(A)(2) of the

Revised Code of the City of St. Louis, which states:

> In the case of the death [or] withdrawal of one or more members of a partnership to which the license has been issued under the provisions of this title, the Excise Commissioner shall, upon request, transfer the license to permit the remaining partner or partners to operate the business.

Rupert's licenses were to expire on November 26, 1992. Kraiberg, in a letter dated November 2, 1992, refused to transfer the licenses. He took the position that § 14.06.-330(A)(2) did not apply when a new partner joined a partnership. On November 10, 1992, Royce filed a petition for writ of mandamus seeking an order directing the Commissioner to transfer the licenses in accordance with § 14.06.330(A)(2). The circuit court issued a preliminary order in mandamus.

On December 11, 1992, the trial court entered an order and judgment in mandamus, directing Kraiberg to "transfer to Royce the City of St. Louis Retail Liquor by the Drink License No. LC0156362, and City of St. Louis 3:00 a.m. Closing Permit No. 01022" effective October 23, 1992, the date of Royce's request. The court further directed "that all applications for renewal of the liquor licenses and permits of Royce shall be accepted and processed as applications for renewal and as if such applications for renewal were submitted prior to their expiration." The points on appeal make no reference to this part of the order.

Commissioner Kraiberg complied with the circuit court's order by transferring the licenses. He sent the following letter to Rupert's (Royce's) managing officer, Brent McConnell, dated December 14, 1992:

> Per Case No. # 924–00312 Division No. 2 of the Missouri Circuit Court 22nd Judicial Circuit, I hereby transfer the Full Drink and 3 A.M. Closing Permit held by Rupert's St. Louis Limited Partnership to Royce St. Louis Limited Partnership as of October 23, 1992.

In fact, Kraiberg voluntarily extended the liquor license and late closing permit, both of which were to expire on November 26, 1992, to December 27, 1992.

Kraiberg then filed a motion to stay judgment on December 17, 1992, and a motion to vacate or amend judgment on December 22, 1992. Both motions were denied in an order dated December 28, 1992. The December 28 order "further ordered that ordinance 14.06.-060 is applicable and the respondent shall extend the transferred license (sic) and permit or renew it for one year." Kraiberg then filed his notice of appeal.

■ For two reasons we find the transfer of license issue moot. First, it has been transferred. Nothing done by this court can alter the de facto status of Royce as a licensee.

■ Second, a party may procedurally estop himself from taking an appeal by performing acts after the rendition of the order or judgment which are clearly inconsistent with the right of appeal, and the estoppel may consist of any voluntary act which expressly or impliedly recognizes the validity of the judgment. *Steen v. Colombo,* 799 S.W.2d 169, 174 (Mo.App.1990). Commissioner Kraiberg, as a city official, would have been entitled to an automatic stay of execution of judgment upon filing his notice of appeal pursuant to Rule 81.09(a). The fact that he transferred the liquor license before he was compelled to is inconsistent with his right of appeal and certainly is an act which recognizes the validity of the order in mandamus. Procedural estoppel, therefore, can apply to Commissioner Kraiberg.

Kraiberg argues that because he subsequently refused to further extend or renew Royce's licenses, or to process Royce's application for renewal of the liquor license and late closing permit, he did not comply with the order. This response is deficient in several respects. Once Kraiberg transferred the licenses to Royce, he obligated himself to treat Royce's applications for renewal the same as any other renewal applicant, even without the constraints of the order in mandamus. Therefore, Kraiberg substantially complied with the order when he transferred the license effective before its expiration and gratuitously extended the license through December 27, 1992. In addition, the substantive points on appeal are directed only at

the portion of the judgment Kraiberg has already satisfied. The relief sought by Kraiberg is that he not be directed to transfer licenses to Royce. As this has already been accomplished, we are unable to grant the type of relief requested.

Kraiberg's additional point is that the mandamus suit should be dismissed because the license which is the subject of this lawsuit expired by its terms on November 26, 1992. Kraiberg does not cite any authority for his position that he may treat Royce's licenses as expired simply because he refused to process timely applications for renewal during the pendency of this lawsuit. We hold this position untenable as it would effectively deny relief to anyone who files a request before expiration but who is unable to obtain a timely hearing.

When an event occurs which makes a decision on appeal unnecessary or which makes it impossible for the appellate court to grant effectual relief, the appeal is moot, and we will not exercise jurisdiction over a moot cause. *State ex rel. Hooker v. City of St. Charles*, 668 S.W.2d 641, 643 (Mo.App.1984).

Appeal dismissed.

CRANE, P.J., and CRAHAN, J., concur.