Jerry M. SCHULTE, Petitioner–
Respondent,

v.

Stephen SCHULTE, Respondent–
Appellant.

No. 70391.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 10, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 14, 1997.

Application to Transfer Denied
Aug. 19, 1997.

Michael A. Gross, St. Louis, for Appellant.

Ziercher & Hocker, P.C., Gary H. Feder, S. Diane Turpin, Clayton, for Respondent.

HOFF, Judge.

Stephen Schulte (Husband) appeals from a dissolution of marriage decree entered on January 30, 1996. This decree was entered after a hearing held on Jerry Schulte's (Wife) motion to enforce a settlement which was entered into by the parties on October 11, 1995 in a non-contested dissolution of marriage proceeding.

All of Husband's points on appeal allege the trial court erred in supplying additional terms to the original dissolution of marriage settlement agreement regarding the sale of Contractors Roofing and Supply Co., Inc. (Contractors). Contractors was the major asset of the marriage which the parties owned jointly. These terms specifically regard the method utilized in the sale and transfer of the Contractors stock to enable one party to be sole owner. Husband's main assertion was that the trial court allowed Wife extra time to obtain financing to purchase his share of Contractors.

During oral argument, this Court was informed that Husband had actually sold his share of Contractors to Wife on December 19, 1996, in accordance with the settlement agreement. Counsel for the parties were granted leave to file supplemental pleadings addressing whether the pending appeal was moot by reason of transfer of ownership of the closely held business from Husband to Wife.

After review of all of the pleadings and briefs in this case, we dismiss the appeal for mootness.

Because of our disposition of the appeal, we need not set forth a detailed recitation of the facts. Through supplemental pleadings filed with this Court, we learned that no supersedeas bond was posted by Husband pending appeal. The record also reflects that the parties and their respective counsel appeared in court for a contempt hearing on December 16, 1996, but voluntarily agreed not to proceed with the hearing. The court memorandum entered on that day provides in part, over the signatures, "Respondent's [Husband] execution of this order does not constitute an admission as to the validity of the court's order of 1/30/96 or any prior court orders herein pertaining to the issues raised by [Husband] in Missouri Court Of Appeals Number 70391."

However, three days later, Husband executed a stock redemption agreement, accepted an unsecured note, and surrendered his stock certificates to Wife in accordance with the terms in the settlement agreement. At that time, Wife became the sole owner of Contractors and has continued to run the business.

■■■■ Although Husband claims that his actions did not constitute an abandonment of any issue on appeal, we find he is procedurally estopped and the issues raised on appeal are moot.

> [A] party may procedurally estop himself from taking an appeal by performing acts after the rendition of the order or judgment which are clearly inconsistent with the right of appeal, and the estoppel may consist of any voluntary act which expressly or impliedly recognizes the validity of the judgment.

*State ex rel. Royce–St. Louis Ltd. Partnership v. Kraiberg,* 864 S.W.2d 409, 411 (Mo. App. E.D.1993). When an event occurs which makes a decision on appeal unneces-

sary or which makes it impossible for this Court to grant effectual relief, the appeal is moot. *Id.*

█ "It is elementary that in a case [where] a party to an action accepts the benefits of a judgment in his favor or acquiesces in a judgment against him he thereby waives his right to have said judgment reviewed on appeal." *Steen v. Colombo,* 799 S.W.2d 169, 176 (Mo.App. S.D.1990) (quoting *Ottenheimer v. Mountain States Supply Co.,* 56 Utah 190, 188 P. 1117, 1118 (1920)).

In this case, when Husband executed the stock redemption agreement and surrendered his stock certificates to Wife, he was procedurally estopped from continuing his appeal regarding the terms of the settlement agreement of the dissolution decree. Selling his portion of Contractors to Wife was clearly inconsistent with his position on appeal. Furthermore, selling his portion of the business to Wife was a voluntary act which expressly recognized the validity of the settlement agreement. Husband had not been held in contempt and had preserved his objection to the settlement agreement just three days before he sold his share of the business to Wife. Because Husband voluntarily sold his portion of Contractors to Wife, effectual relief cannot be granted and Husband's acquiescence in the judgment waives his right to have the judgment reviewed on appeal. Accordingly, we find Husband's appeal is moot.

Appeal dismissed.

CRAHAN, P.J., and GRIMM, J., concur.