**Sandra LEE, Movant–Appellant,**

v.

**Garry L. ELLIS, Respondent.**

**No. 22780.**

Missouri Court of Appeals,
Southern District,
Division One.

March 8, 2000.

Thomas E. Klinginsmith, Carthage, for appellant.

William J. Lasley, Carthage, for respondent.

JOHN E. PARRISH, Judge.

This is an appeal of a judgment in a case brought by appellant. Appellant sought distribution of property between her and respondent or payment from respondent for what she characterized as an "equitable interest" in property. She alleged that the property had been acquired during 11½ years during which she and respondent cohabited. The trial court found for respondent on all issues other than the determination that appellant was owner of a tract of real estate in Jasper County, Missouri, "free and clear of any claim of [respondent]." She appeals contending the trial court's determination that she had not acquired an interest in property other than the Jasper County real estate was against the weight of the evidence and was not supported by substantial evidence.

Respondent filed a motion to dismiss the appeal for the reason that appellant had accepted benefits of the judgment by disposing of the real estate the judgment awarded to her. The motion was taken with the case. The motion is granted.

Appellant claimed an interest in two tracts of real estate, one in Jasper County and one in Newton County. She also claimed an interest in certain personal property. Appellant contended she and respondent acquired the property in question pursuant to a verbal agreement that it "would be held by them as though by tenants in the entirety." The judgment that is appealed awarded the Jasper County real estate "consisting of 67 acres, more or less," to appellant "free and clear of any claim of [respondent]." It awarded the Newton County real estate "consisting of 100 acres, more or less," to respondent "free and clear of any claim of [appellant]."

Respondent's motion to dismiss states that appellant "accepted the benefits of the Trial Court's judgment by selling the sixty-seven (67) acre farm awarded her in said judgment." A certified copy of a deed conveying the Jasper County real estate is attached to respondent's motion. It is a warranty deed dated April 26, 1999. The grantors are "Sandra A. Lee Replogle and Dick R. Replogle, wife and husband." The copy of the warranty deed is certified as being "a full, true and correct copy of the WARRANTY DEED BY AND BERWEEN [sic] SANDRA A LEE REPLOGLE & DICK REPLOGLE, GRANTORS/WILLIAM F CALVIN & CANDY F, GRANTEES as the same appears of record in JASPER COUNTY RECORDER, Book 1600, Page 1642 . . . ."

Appellant's response to respondent's motion to dismiss the appeal does not dispute that she sold the Jasper County real estate after the judgment that is the subject of the appeal was entered. It does not dispute that the certified copy of the warranty deed that was filed with respon-

dent's motion was used by appellant to convey the real estate in question to the persons it names as grantees.

*Schulte v. Schulte,* 949 S.W.2d 225 (Mo. App.1997), holds, quoting from *State ex rel. Royce–St. Louis Ltd. Partnership v. Kraiberg,* 864 S.W.2d 409, 411 (Mo.App. 1993):

> [A] party may procedurally estop himself from taking an appeal by performing acts after the rendition of the order or judgment which are clearly inconsistent with the right of appeal, and the estoppel may consist of any voluntary act which expressly or impliedly recognizes the validity of the judgment.

949 S.W.2d at 226. *See also Two Pershing Square, L.P. v. Boley,* 981 S.W.2d 635, 638 (Mo.App.1998).

This court held in *Steen v. Colombo,* 799 S.W.2d 169, 176 (Mo.App.1990), quoting *Ottenheimer v. Mountain States Supply Co.,* 56 Utah 190, 188 P. 1117, 1118 (1920), "It is elementary that in case a party to an action accepts the benefits of a judgment in his favor or acquiesces in a judgment against him he thereby waives his right to have said judgment reviewed on appeal."

Appellant submitted the question of ownership of legal and equitable interests in property to the trial court. The property before the trial court included the Jasper County real estate. The judgment appellant undertakes to appeal determined she was owner of that tract of real estate. Thereafter, she exercised the right of an owner to sell that property. In so doing she accepted the benefits of the judgment or otherwise acquiesced in it. She waived her right to appellate review. The appeal is dismissed.

CROW, P.J., and SHRUM, J., concur.