SOUTHERN MISSOURI DISTRICT COUNCIL OF THE ASSEMBLIES OF GOD, INC., Plaintiff–Respondent,

v.

Paul C. KIRK, and Timbercreek Assembly of God, Inc., Defendants–Appellants.

No. SD 28999.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 28, 2011.

Motion for Rehearing or Reconsideration and
Transfer to Supreme Court Denied
Feb. 17, 2011.

Application for Transfer Denied
April 26, 2011.

Jerry L. Reynolds, Springfield, MO, for Appellants.

John C. Holstein, Springfield, MO, for Respondent.

JEFFREY W. BATES, Judge.

Defendants Paul C. Kirk (Kirk) and Timbercreek Assembly of God, Inc. (hereinafter collectively referred to as Timbercreek) appeal from a summary judgment granted in favor of Plaintiff Southern Missouri District Council of the Assemblies of God, Inc. (the District). Timbercreek contends the trial court erred in granting summary judgment in favor of the District. We do not reach the merits of Timbercreek's arguments. For the reasons set out below, we instead grant the District's motion to dismiss this appeal.[1]

This lawsuit was filed by the District in February 2007. The petition alleged that, according to the District's bylaws, it became the owner of certain real and personal property in Timbercreek's possession because Timbercreek had severed its relationship with the District. Both parties filed motions for summary judgment. The trial court granted the District's motion and denied Timbercreek's motion. The amended judgment entered on January 31, 2008 determined that the District was the owner of certain real and personal property described therein (hereinafter, "the property").

Immediately after the amended judgment was entered, the parties' attorneys began discussing a transfer of possession of the property to the District. A letter

---

1. All other pending motions are denied.

dated February 7, 2008 from the District's attorney to Timbercreek's attorney stated:

> This will confirm our phone conference on Friday, February 1st, where you called me early in the afternoon in response to my letter of January 31st to inform me that your client would be tendering possession of the premises and all of the personal property located thereon and surrendering all of the keys to all of the buildings on the property in accordance with the Judgment no later than Friday, February 8th.

> This will confirm that should your client fail to tender possession of the real property and tender all of the keys no later than Friday, February 8th, as you represented in our phone conference on February 1st, and as you confirmed in our phone conference this morning, we will proceed with enforcement of the Judgment by any means we deem necessary.

As the above letter indicates, no proceedings to enforce the judgment were then pending. A second letter dated the same day from Timbercreek's attorney to the District's attorneys stated:

> Pursuant to the Judgment entered by [the trial court] my clients have decided to suffer the Judgment and tender the keys to the church property so that they will not be in contempt of the Judgment. My clients strongly disagree with the Judgment of the Court and intend to appeal the Judgment seeking a complete reversal of the Judgment. Upon the reversal of the Judgment, please deliver these keys directly back to me.

Nothing in the materials before this Court indicate that Timbercreek sought to obtain a stay of execution by presenting a supersedeas bond for the trial court's approval, as provided under Rule 81.09.[2] In addition, the possibility of obtaining a stay of execution pursuant to Rule 76.25 was eliminated by Timbercreek's decision to surrender possession of the property prior to any execution being levied. The District obtained possession of the property at 11:40 a.m. on February 8th when a representative of the District's law firm took possession of the keys to the building and the personal property located therein. Timbercreek filed its notice of appeal on February 27, 2008.

■ A threshold question in the appellate review of a controversy is whether the matter has become moot due to subsequent events. *See State ex rel. Reed v. Reardon*, 41 S.W.3d 470, 473 (Mo. banc 2001). "In deciding whether a case is moot, an appellate court is allowed to consider matters outside the record." *Id.*; *Medlin v. RLC, Inc.*, 194 S.W.3d 926, 930 (Mo.App.2006). While this appeal was pending, the District filed a motion to dismiss on the ground that Timbercreek's decision to surrender possession of the property rendered this appeal moot. We agree.

■ It is well-settled that a party may be estopped from taking an appeal by performing acts after rendition of the judgment which are clearly inconsistent with the right of appeal. *See, e.g., Stevens Family Trust v. Huthsing*, 81 S.W.3d 664, 667 (Mo.App.2002). Any voluntary act by a party which expressly or impliedly recognizes the validity of the judgment may create such an estoppel. *See Id.*

In urging dismissal of the appeal as moot, the District relies upon *Steen v. Colombo*, 799 S.W.2d 169 (Mo.App.1990). We find the principal opinion instructive on the issue presented.[3] In *Steen*, the

---

**2.** All references to rules are to Missouri Court Rules (2008).

**3.** *See Brown v. H & D Duenne Farms, Inc.*, 799 S.W.2d 621, 628 (Mo.App.1990) (an opin-

parties owned adjoining lots in a subdivision. Due to erroneous boundary markings placed by the developer, the Steens built a house on the lot owned by the Colombos. *Id.* at 170–71. The trial court's judgment ordered the Colombos to deliver a warranty deed for their lot to the Steens. When the Colombos did so, the Steens were ordered to pay $32,000 for the lot. *Id.* at 171–72. The Colombos adamantly denied that the trial court had the authority to order the conveyance, and they intended to appeal. Nevertheless, a warranty deed for their lot was executed by them and delivered to the Steens. *Id.* at 172–73. The Steens' $32,000 payment was used to pay off the debt on the property, and the Colombos placed the remaining funds in escrow. *Id.* at 173. These post-judgment events occurred prior to the filing of the Colombos' notice of appeal. *Id.* at 175–76. The Colombos did not request that the trial court fix an amount for a supersedeas bond. *Id.* at 175. The principal opinion noted that "when the object of a proceeding is to secure possession of a particular tract of land, a voluntary surrender of possession may bar the right to appeal, where the property is surrendered before process to enforce the judgment has issued." *Id.* Based upon a review of a number of opinions from other jurisdictions, the principal opinion concluded that, "when the judgment is a judgment for possession of a tract of land, voluntary surrender of the land effectively concedes the correctness of the judgment, thereby rendering the appeal moot." *Id.*[4] The Co-

lombos' appeal was determined to be moot because they voluntarily acquiesced in a judgment against them and thereby waived their right to have the judgment reviewed on appeal. *Id.* at 176. They could not acknowledge and deny the judgment's validity at the same time. We agree with these principles and find them applicable here.

■ We agree with the District's argument that Timbercreek's decision to surrender possession of its real and personal property was a voluntary acquiescence in the judgment that rendered this appeal moot.[5] The principal purpose of the District's lawsuit was to obtain possession of real and personal property which it claimed to own and which were in Timbercreek's possession. The voluntary surrender of that property, before process to enforce the judgment had been issued, barred Timbercreek's right to appeal because the judgment had been effectively satisfied. This voluntary act impliedly recognized the validity of the judgment and was clearly inconsistent with Timbercreek's attempt to appeal. *See Lee v. Ellis,* 12 S.W.3d 782, 783–84 (Mo.App.2000) (relying on *Steen* as authority to dismiss an appeal where the appellant acquiesced in the judgment against her by selling certain property); *Steen,* 799 S.W.2d at 175–76; *First Security Bank of Kalispell v. Income Properties, Inc.,* 208 Mont. 121, 675 P.2d 982, 985 (1984) (by surrendering property due under a judgment, a party effectively accedes to the correctness of

---

ion which lacks the concurrence of a majority of the judges, except as to the result, has only instructive value).

4. The voluntary surrender of personal property as ordered by a judgment also has been held to constitute an acquiescence thereto, which waives the right to appeal. *See The Ramsey Financial Corp. v. Haugland,* 719 N.W.2d 346, 349–50 (N.D.2006).

5. As requested by the District, the judgment also enjoined Kirk from entering the Timbercreek church building, using the personal property located therein or attempting to act as pastor at that location. The voluntary surrender of the church building and personal property, which demonstrated acquiescence in the judgment, also mooted Kirk's appeal.

the judgment, and it passes beyond an appellate court's power of review); *Ottenheimer v. Mountain States Supply Co.*, 56 Utah 190, 188 P. 1117, 1119 (1920) (surrendering property pursuant to a judgment was an acquiescence in the judgment, which amounted to a waiver of all litigated questions and precluded the appellate court from reviewing those issues).

In response, Timbercreek argues that its surrender of possession was involuntary for three reasons. We find no merit in these arguments.

■ Timbercreek first argues that the surrender of the property was involuntary because the District intended to seek enforcement of the judgment in the event Timbercreek did not act. As *Steen* notes, however, the relevant inquiry is whether the voluntary surrender of the property occurred before process to enforce the judgment had issued. *Steen*, 799 S.W.2d at 175. No process to enforce the judgment had issued as of February 8th when the surrender of possession took place. Timbercreek could have availed itself of the right to post a supersedeas bond pursuant to Rule 81.09. Alternatively, it could have waited until execution had issued and then sought a stay pursuant to Rule 76.25. This latter rule only requires a showing of good cause for relief, and it is up to the trial court to decide whether to require a bond. Rule 76.25. By taking neither action, Timbercreek demonstrated its acquiescence in the judgment.

■ Next, Timbercreek argues that its surrender of the property was involuntary because the District knew Timbercreek intended to appeal. This same circumstance was present in *Steen*, and it did not prevent dismissal of the Colombos' appeal on the ground of mootness. *Steen*, 799 S.W.2d at 175. Timbercreek could not acknowledge and deny the validity of the judgment at the same time. *See Id.*

■ Finally, Timbercreek argues that the surrender of its property was involuntary because it was necessary to avoid contempt proceedings. The same argument was made in *Braveheart Real Estate Co. v. Peters*, 157 S.W.3d 231 (Mo.App. 2004). There, the Peters voluntarily conveyed real property as ordered by the judgment to avoid being held in contempt. *Id.* at 233. Citing *Steen*, the eastern district of this Court held that the Peters' voluntary surrender of the property effectively conceded the correctness of the judgment and rendered their appeal moot. *Braveheart*, 157 S.W.3d at 233–34. This appeal is dismissed.