

# Missouri Court of Appeals

## Southern District

### Division One

WEST PLAINS REGIONAL
ANIMAL SHELTER,

       Plaintiff-Respondent,

vs.

WILLARD SCHNURBUSCH,

       Defendant-Appellant,

and CAROL SCHNURBUSCH,

       Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. SD36781
Filed: December 9, 2020

APPEAL FROM THE CIRCUIT COURT OF HOWELL COUNTY

Honorable Donna K. Anthony, Judge

## APPEAL DISMISSED

Willard Schnurbusch ("Schnurbusch"), *pro se* appellant,[1] appeals from the trial court's "Summary Judgment." On appeal, West Plains Regional Animal Shelter ("Shelter") filed a "Motion to Dismiss Appeal for Mootness." We grant the motion and dismiss the appeal.

---

[1] Carol Schnurbusch is not a party to this appeal.

**Factual and Procedural History**

In 2006, the Schnurbusches filed a four-count petition against the City of West Plains and Shelter, asserting that Shelter was violating City's zoning laws, and that City was failing to enforce the zoning laws against Shelter. Following trial on Counts I and III, the trial court entered its judgment in favor of the City and Shelter on both counts.

The Schnurbusches appealed. This Court affirmed the judgment by a memorandum opinion. *Schnurbusch v. City of West Plains Missouri*, SD31107 (*Schnurbusch I*).

On January 17, 2012, the Schnurbusches filed a second *pro se* four-count petition against Shelter, containing allegations similar to those in *Schnurbusch I*. Shelter filed a motion to dismiss based on *res judicata* and claim splitting. The trial court sustained the motion, and entered judgment for Shelter on its counterclaim for malicious prosecution.

The Schnurbusches appealed. This Court reversed and remanded on the basis that the judgment considered matters outside the pleadings in granting Shelter's motion to dismiss, and there was no Rule 74.04[2] record for our review. *Schnurbusch v. W. Plains Reg'l Animal Shelter*, 507 S.W.3d 675, 681 (Mo.App. S.D. 2017) (*Schnurbusch II*).

After remand, on October 16, 2017, the trial court granted Shelter's motion for summary judgment, rejected the Schnurbusches' claims, granted Shelter's counterclaims, and awarded Shelter $45,112.50 and $15,268.75 as to its Counts I and II, respectively. The Schnurbusches again appealed to this Court, resulting in an opinion affirming the judgment in all respects on February 7, 2019. *Schnurbusch v. W. Plains Reg'l Animal Shelter*, 571 S.W.3d 191 (Mo.App. S.D. 2019) (*Schnurbusch III*).

---

[2] All rule references are to Missouri Court Rules (2019).

2

On February 4, 2019, Shelter filed an "Execution Application and Order," on real estate owned by the Schnurbusches located at 1496 State Route BB Highway, West Plains ("the Property"). The Schnurbusches were served on February 21, 2019. On March 29, 2019, notice by publication issued for the sheriff's seizure and sale of the Property, and on April 5, 2019, an order was entered approving and confirming the sheriff's sale. On April 11, 2019, a "Sheriff's Deed" was delivered to Shelter, the highest bidder for the Property. On April 30, 2019, Shelter filed its "Petition for Unlawful Detainer," alleging its right to immediate possession of the Property, pursuant to the Sheriff's Deed.

On October 3, 2019, the trial court entered summary judgment in favor of Shelter. The trial court found, in relevant part, that Shelter was entitled to immediate possession of the Property, that the Schnurbusches were to vacate the Property within 10 days, and that the judgment would be stayed only upon the Schnurbusches posting an appeal bond, "the amount to be set upon [the Schnurbusches'] request." The Schnurbusches filed a "Motion to Vacate, Reopen, Correct, Amend, or Modify the Summary Judgment," which was denied on January 16, 2020.

On January 23, 2020, Schnurbusch filed a "Notice of Appeal to Supreme Court of Missouri."

On February 13, 2020, Shelter filed a motion to compel Schnurbusch to file an appeal bond. A hearing on the motion was held on March 2, 2020, whereupon the trial court ordered that no appeal bond was required because no money damages had been awarded in the summary judgment, and the Schnurbusches had vacated the Property.[3]

On July 27, 2020, the Supreme Court transferred the case to this Court "where jurisdiction is vested."

_____

[3] The particular date upon which the Schnurbusches vacated the property was a determination not made by the trial court.

On August 5, 2020, Shelter filed its "Motion to Dismiss Appeal for Mootness." On August 10, 2020, this Court entered its Order requiring Schnurbusch to "file written suggestions in this Court showing cause, if any, why the appeal should not be dismissed as moot."

On August 24, 2020, Schnurbusch filed his "Response to Court Order Issued August 10, 2020 to Show Cause," along with motions for sanctions against counsel for Shelter, and Shelter's president, Dennis Hammen.

### Principles of Review: Mootness and Unlawful Detainer Actions

A threshold question in the appellate review of a controversy is whether the matter has become moot due to subsequent events. In deciding whether a case is moot, an appellate court is allowed to consider matters outside the record. An appeal is moot when a decision on the merits would not have any practical effect upon any then-existing controversy.

*Riley v. Zoll*, 596 S.W.3d 654, 656 (Mo.App. S.D. 2020) (internal quotation and citation omitted).

Generally speaking, a defendant subject to an adverse unlawful detainer judgment renders moot all potential appellate claims by voluntarily surrendering possession of the subject property *before* a writ for possession issues[4] (*i.e.*, a defendant "acquiesces" to the propriety of the judgment by complying with it, absent prior issue of process to enforce the judgment).[5]

---

[4] Rule 74.07, governing writs of possession, states:

> If a judgment directs a party to execute or deliver a deed or other document or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the **disobedient party** by some other person appointed by the court, and the act when so done has like effect as if done by the party. On application of the party entitled to performance, a writ of attachment or sequestration shall issue against the property of the disobedient party to compel obedience to the judgment. The court may also adjudge the party in contempt. If real or personal property is within the state, the court may enter a judgment divesting the title of any party and vesting it in others in lieu of directing a conveyance thereof, and such judgment has the effect of a conveyance executed in due form of law. **When any order or judgment is for the delivery of possession, a writ of possession may issue to put the party entitled into possession, or attachment or sequestration may issue.**

(Emphasis added).

[5] *Southern Missouri Dist. Council of the Assemblies of God, Inc. v. Kirk*, 334 S.W.3d 599, 602 (Mo.App. S.D. 2011) ("The principal purpose of the [plaintiff's] lawsuit was to obtain possession of real and personal property which it claimed to own and which were in Timbercreek's possession. The voluntary surrender of that property, **before**

4

A defendant subject to an adverse unlawful detainer judgment may avoid mooting its appellate claim by "avail[ing] itself of the right to post a supersedeas bond pursuant to Rule 81.09[,]" or "wait[] until execution . . . issue[s] and then [seek] a stay pursuant to Rule 76.25." *Southern Missouri Dist. Council of the Assemblies of God, Inc. v. Kirk*, 334 S.W.3d 599, 603 (Mo.App. S.D. 2011).

### *Shelter's "Motion to Dismiss Appeal for Mootness"*

On August 5, 2020, Shelter filed its "Motion to Dismiss Appeal for Mootness," alleging the Schnurbusches "voluntarily abandoned possession" of the Property, and that the instant appeal is therefore moot.

In its motion, Shelter directs us to our recent opinion in *Riley*, 596 S.W.3d 654, and argues that in the instant matter, like *Riley*, the "defendants surrendered possession but appealed judgment in unlawful detainer awarding possession to plaintiffs." Shelter recounts that the *Riley* plaintiffs "moved to dismiss the appeal as moot, and this Court granted the motion," and then recites the following excerpt from *Riley*:

> [A]ny voluntary act by a party which expressly or implicitly recognizes the validity of the judgment may create such an estoppel [to appeal]. We agree with the Rileys that the Zolls' decision to surrender possession of the farmland was a voluntary acquiescence in the judgment that rendered this appeal moot.

*Id.* at 656. Shelter summarily concludes, therefore, Schnurbusch's appeal is moot and should be dismissed.

---

**process to enforce the judgment had been issued**, **barred Timbercreek's right to appeal because the judgment had been effectively satisfied**.") (emphasis added); Cf., *Hiler v. Cox*, 210 Mo. 696, 109 S.W. 679, 681 (1908) (Lamm, J.):

> If an appellant pays off a money judgment or consents that a judgment be executed and agrees to abide the execution of the judgment, then by that act he "kills" any issue on appeal going to the validity of the judgment itself. If we reversed this judgment, . . . we would undo what appellant consented should be done[.] . . . This we ought not to do at the instance of the consenting appellant. What appellant knit shall we unravel? If he bind, shall we loose— thereby making discord out of concord?

While we appreciate Shelter's terse presentation, it omits a consideration central to *Riley*'s disposition, and that of other governing cases in this area, to-wit: the sequence of defendant's surrender of the subject property and the issue of writ of possession (or other manner of enforcement). In *Riley*, we explicitly designated that our "own examination of the record in the underlying unlawful detainer action [did] not reveal that the Rileys utilized any legal process to involuntarily remove the Zolls from the farmland." *Id.* at 656. That examination reflected application of the principle that "[t]he **voluntary** surrender of [the subject] property" contemplates a transfer "**before process to enforce the judgment** had been **issued**,"[6] and that no such process had been issued against the Zolls when they vacated their farmland.

Regardless of this omission from Shelter's motion, "mootness implicates the justiciability of a controversy and is a threshold issue to appellate review[.]" *D.C.M. v. Pemiscot County Juvenile Office*, 578 S.W.3d 776, 780 (Mo. banc 2019) (internal quotation and citation omitted). It is of no consequence whether our treatment initiates from "a party's motion or acting *sua sponte*," as we "must consider . . . whether [this] appeal is moot." *Id.*

In determining whether the Schnurbusches surrendered the Property before or after the issue of writ of possession (October 15, 2019) we turn to the record before us.

Initially, we note Schnurbusch's Response to Court Order Issued August 10, 2020 To Show Cause. As a whole, we have found this filing extremely difficult to understand, or utilize in any meaningful way. Nevertheless, we recite an excerpt, which appears to be the most lucid and responsive portion of the response to this Court's show cause order: "[T]here was **not any possessions remaining prior to the judgment date of October 3, 2019**, to be forcibly removed

---

[6] *Kirk*, 334 S.W.3d at 602 (emphasis added).

6

[or] abandoned." (Emphasis augmented). We supplement this excerpt with one of the concluding

passages in Schnurbusch's brief:

> In summary, Appellant hopes to impress on this Court that even though **the end result of this entire UNLAWFUL DETAINER action should be considered moot** in the fact, [] **the [Property] . . . was empty before, and on the date of the October 3, 2019** Summary Judgment and the order to vacate was ineffective if the premises were already empty at some previous time, the UNLAWFUL DETAINER action was faulty.

> Even though the final Judgment may be moot, or the adage of "NO HARM---NO FOUL may and apply, the process of applying the statutory procedures . . . shows a definite lack of strict adherence to the words contained in all the applicable sections of Chapter 534[.]. . . [Shelter] never did state any facts that [the Schnurbusches] [were] occupying the premises. It may not be the function of this Court at this time to determine what the real purpose was to initiate this said UNLAWFUL DETAINER, action.

(Bolding added). Summarily, Schnurbusch represents that he surrendered the Property *before*

October 15, 2019 (*i.e.*, when writ of possession issued).

Shelter, and its evidence, indicate that Schnurbusch hauled away items from the Property

on October 3, 2019, but that as of that time, the Schnurbusches did "not appear to be living in the

building." Shelter reports another sighting that occurred on October 13, 2019 (two days before

writ of possession issued) whereby Schnurbusch was observed "load[ing] up a trailer and haul[ing]

off the last remaining property out of the building." At that time, the Property looked like "the

Schnurbuschs had abandoned [it]." The Schnurbusches were not seen again on the premises, and

when the writ of possession was executed on October 22, 2019, it was observed that "all personal

items and belongings had been removed and the building was vacated."

In light of the consistent representations of the parties and evidence presented that the

Schnurbusches surrendered possession of the Property before October 15, 2019 (when writ of

possession issued), we necessarily conclude that the Schnurbusches *voluntarily* surrendered the

7

Property, thereby "acquiescing" to the trial court's judgment, and rendering moot all of Schnurbusch's instant claims on appeal. *See **Riley***, 596 S.W.3d at 656; ***Kirk***, 334 S.W.3d at 602.

Shelter's Motion to Dismiss Appeal for Mootness is granted. Schnurbusch's appeal is dismissed as moot.[7]

WILLIAM W. FRANCIS, JR., J. - OPINION AUTHOR

NANCY STEFFEN RAHMEYER, P.J. - CONCURS

DANIEL E. SCOTT, J. - CONCURS

---

[7] Schnurbusch's motions for sanctions against Shelter's counsel and Shelter's president are denied.