FILED

08/27/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0493

 **ORIGINAL**

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### OP 24-0493

_____

PETER THOMPSON,

      Petitioner,

v.

GALLATIN COUNTY JUSTICE COURT,
HON. BRYAN ADAMS, Presiding,

      Respondent.

O R D E R

_____

Self-represented Petitioner Peter Thompson has filed an "Application for a Writ of Certiorari and Emergency Stay of Proceedings or in the Alternative for a Writ of Supervisory Control and Motion for Emergency Stay of Proceedings." Upon review, we deny all of Thompson's requests.

Thompson's pleading was filed with the Clerk of this Court on Tuesday, August 20, seeking to stay a writ of possession for removing and evicting Thompson, his family, and personal property from a residential property in Gallatin County, Montana, which he represents was scheduled to occur August 21, 2024.

Thompson states that he applies for relief pursuant to M. R. App. P. 14 and § 27-25-101, MCA, for a writ of certiorari, because the Gallatin County Justice Court has exceeded its jurisdiction. Section 27-25-102(2), MCA. He contends that "[c]ertiorari is appropriate for immediately staying the writ of possession[.]" Citing to *Stanley v. Lemire*, Thompson alleges that the Gallatin County Justice Court has no jurisdiction to handle the unlawful detainer action. 2006 MT 304, 334 Mont. 489, 148 P.3d 643. He requests an immediate stay of the execution of the writ as well as dismissal of the Justice Court proceedings. He argues that counsel for CB Properties, LLC, the party seeking possession, repeatedly misled the Justice Court and that "generally justices of the peace are not learned

in the law[.]" Citing *First Sec. Bank v. Income Properties*, 208 Mont. 121, 675 P.2d 982 (1984), Thompson argues in addition that the Justice Court should be deprived of jurisdiction because he sought relief in another court.[1] Thompson further states that there is no final judgment to appeal, yet he includes a copy of a July 16, 2024 Order of Possession, issued in the Justice Court. Thompson provides that on August 6, 2024, the Justice Court issued an Order denying his motion for a stay because Thompson had not posted a bond of $45,000 and affiant sureties.

According to the attached July 16, 2024 Order, CB Properties, LLC sought possession of the real property located at 2988 Blackbird Drive, Bozeman, Montana, after purchasing the property at a December 1, 2023 Trustee's Sale, foreclosing the deed of trust. The Trustee's Deed was issued and recorded on the same day. Thompson and the other occupants did not vacate the property on December 1, or ten days later, thereby becoming tenants at will pursuant to § 71-1-319, MCA. CB Properties, LLC then gave Thompson and the other occupants a month's notice, under § 70-27-104, MCA, to vacate the property. The Justice Court found that despite the foreclosure and demand to vacate, Thompson and the other occupants continued to occupy the property unlawfully and became holdover tenants. The court ordered that CB Properties, LLC, was entitled to immediate possession of the property. The court further ordered that if Thompson and the other occupants did not immediately vacate and surrender possession, the Order would operate as a Writ of Assistance, directing the Gallatin County Sheriff to evict and physically remove Thompson, the other occupants, and the corresponding personal property.

By statute, the "writ of certiorari" is now "denominated the writ of review." Section 27-25-101, MCA. It may be granted when a lower tribunal has exceeded its jurisdiction "and there is no appeal or, in the judgment of the court, any plain, speedy, and adequate remedy." Thompson is not entitled to a writ of review on the face of his pleading. Besides

---

[1] Thompson filed a complaint against US Bank and other named parties in the U.S. District Court in November 2023. *Thompson v. US Bank et al.*, No. 2:2023cv00080, U.S. District Court for the District of Montana. CB Properties, LLC, was not a listed party. It appears the action remains pending.

the lateness of his filing, Thompson has not included an affidavit, as required by § 27-25-201, MCA, to accompany an application for this writ. Thompson has not demonstrated that the Justice Court exceeded its jurisdiction. A justice court in the respective county where the property is located has concurrent jurisdiction of an unlawful detainer action. Sections 3-10-302, 70-27-101(2), MCA. Thompson reads *Stanley* too broadly. This Court stated that the justice court had jurisdiction over an action in which the landlord sought possession of the property. *Stanley*, ¶ 33. There, the Justice Court's decision was appealed to the District Court and, following a decision, appealed to this Court. The jurisdictional issue arose from the Justice Court entering its final judgment before the time ran for a response to a motion for attorney's fees. *Stanley*, ¶¶ 37-38. That is not the situation here. And we concluded in *Stanley* that because the Justice Court's judgment, even though premature, "disposed of all pending motions and thus constituted a final determination of the rights of the parties" and because Lemire did not seek relief from the judgment alerting the Justice Court to the fact that its judgment was premature, "the Justice Court's judgment is an appealable judgment." *Stanley*, ¶ 42. Likewise here, the court's July 16, 2024 Order constituted a final determination of the rights of parties.

We also recognized in *Stanley*, however, that "questions of title to real property shall not be decided by the justices' courts." *Stanley*, ¶ 56 (citing § 25-31-101(1), MCA). We observed that "§§ 3-10-301(1)(b) and 25-31-102(1), MCA (2003), require that a question of title to or possession of real property be raised in the defendant's answer or be deemed waived." Thompson raised the validity of title in his federal court complaint in November 2023. Because we have no record of the Justice Court proceedings, however, it is not apparent whether Thompson raised the issue in answer to the unlawful detainer complaint, filed January 19, 2024, in Justice Court. *Compare First Sec. Bank*, 208 Mont. at 123, 675 P.2d at 983.

Thompson had a right of appeal to the District Court from the Justice Court's July 16, 2024 Order. Section 3-5-303, Title 25, ch. 33, MCA. Thompson received notice regarding possession and that he and his family should vacate the premises at least three

3

times—December 2023, January 2024, and July 2024. The Justice Court denied his requests for a stay, and he has not sought relief in the District Court. We decline to address his request for a stay here. M. R. App. P. 22(2).

His alternative application for a writ of supervisory control does not advance, either. Supervisory control is an extraordinary remedy and is invoked on a case-by-case basis. M. R. App. P. 14(3). The case must involve purely legal questions and urgent or emergency factors making the normal appeal process inadequate, and the court must be proceeding on a mistake of law. M. R. App. P. 14(3)(a). Thompson has not demonstrated that the Justice Court is proceeding upon a mistake of law, and the urgency to his requests for relief—largely created by the timing of his petition—appears to have passed with the date he alleges the writ of assistance was to be executed. His list of claims alleging that counsel purportedly misled the Justice Court does not present purely legal questions. Thompson could have sought a timely appeal of the Justice Court's decision to the Gallatin County District Court. He did not do so.

Lastly, this Court has reiterated previously that Justices of the Peace in Montana have extensive training requirements and thus would be knowledgeable of Montana law. *State v. Davis*, 2016 MT 102, ¶¶ 19, 23, 28, 383 Mont. 281, 371 P.3d 979.

IT IS THEREFORE ORDERED that Thompson's:

1. Application for a Writ of Certiorari and Emergency Stay of Proceedings is DENIED;

2. Alternative Application for a Writ of Supervisory Control is DENIED; and

3. Motion for Emergency Stay of Proceedings is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to CLOSE this matter as of this Order's date.

The Clerk is also directed to provide a copy of this Order to: the Honorable Bryan Adams, Justice of the Peace, Gallatin County; counsel of record; and Peter Thompson personally.

4

DATED this \_\_\_ day of August, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

FILED

AUG 27 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana